NORTHROP *against* HATCH :

IN ERROR.

A court of chancery will not compel a person to discover what may subject him to a penalty or forfeiture.

And it makes no difference, that the statute of limitations has run against such penalty or forfeiture,

Therefore, where the bill stated a conveyance of land from *A.* to *B.*, without consideration, and with intent to avoid the debt of the plaintiff and of other creditors, and sought of *B.* a discovery, to support an action of ejectment against him, then pending, for the same land ; it was held on a demurrer to the bill, that it could not be sustained, although it appeared from the bill, that more than one year had elapsed since such conveyance.

*overruled in* [illegible handwriting]

This was a bill in chancery, brought by *Northrop* against *Hatch*, stating, that the plaintiff claimed title to a piece of land in *New-Milford*, with a dwelling-house standing thereon, of the value of 400 dollars, by the levy of an execution in his favour against *Daniel Lyon*, on the 16th of *November*, 1824; and to recover the seisin and possession of such land, the plaintiff had commenced an action of ejectment against *Lyon*, *Hatch* and others, which was still pending in the superior court; that previously, *viz.* on the 25th of *May*, 1821, *Lyon*, being the owner of the land, had conveyed it, by deed, to the defendant, who, on the same day, conveyed it to *Lucretia*, then the wife of *Lyon;* that on the 2nd of *May*, 1823, *Lyon* and wife conveyed the same land to the defendant; that at the time of executing these deeds, *Lyon* was indebted to the plaintiff and others, and was insolvent; that such deeds were executed without consideration, and with intent to avoid the debt of the plaintiff and of others, the creditors of *Lyon*, but with such secresy, that the plaintiff had not legal evidence to prove it. He, therefore, prayed a discovery on oath, to be used on the trial of the action at law. To this bill there was a demurrer; and the su-

*Litchfield,*
June,
1827.

Northrop
*v.*
Hatch.

perior court adjudged it insufficient. To reverse such judgment, the present writ of error was brought.

*P. Smith,* for the plaintiff in error, contended, 1. That the defendant was not charged in the bill with *actual fraud,* or any moral turpitude; and he was, therefore, bound to disclose.

2. That if he were charged with actual fraud or moral turpitude, if it were not a public offence, he would be bound to disclose. 2 *Swift's Dig.* 226.

3. That if the defendant were not bound to disclose his own fraud or turpitude, he was bound to disclose the consideration of the deeds, by which he claimed title. *Andrews* v. *Berry,* 3 *Anstr.* 634. *Finch* v. *Finch,* 2 *Ves.* 492.

4. That if the defendant were protected generally from a discovery of such facts as would subject him to a penalty, yet if the penalty were barred by the statute of limitations, he would not be protected, but bound to disclose. *Williams* v. *Farrington,* 3 *Bro. Ch. Rep.* 39.

*J. W. Huntington,* for the defendant, contended, 1. That the plaintiff's bill was bad, because it showed no sufficient title to the land sought to be recovered in the action of law; and therefore, the interference of chancery was useless. First, there is no averment that the plaintiff has *any* title: It is only said he *claims* title. Secondly, the bill does not show *when,* or *where,* or for *how much,* the plaintiff obtained judgment, or that it is still in force. Thirdly, the *date* of the execution and *time* of levy, are not stated. The execution may have run out before the levy. Fourthly, the *mode* of levy is not stated, so as to shew a legal transfer of title. 2 *Swift's Dig.* 224, 5. *Mayor* &c. of *London* v. *Levy,* 8 *Ves.* jun. 398. Fifthly, the bill does not shew, that the execution was ever *recorded* or *returned.* *Hobart* v. *Frisbie* & al. 5 *Conn. Rep.* 592.

2. That if the plaintiff's title were properly set forth, still he could not compel a disclosure from the defendant. First, a bill for discovery never lies, in aid of a suit at law, for a *tort;* and ejectment is of this description. *Morse* v. *Buckworth,* 2 *Vern.* 443. 2 *Fonb.* 481. All the examples are of *contracts.* 2 *Swift's Dig.* 210. Secondly, a bill of discovery is never granted, where it seeks discovery of a *crime* or *offence* of the defendant involving moral turpitude; or which is scandalous or injurious to his reputation. *Franco* v. *Bolton,* 3 *Ves.* jun. 368. 2 *Swift's Dig.* 226. *Mitf.* 160. 1 *Madd. Chan.* 172.

Thirdly, a party is not bound to disclose what *may* subject him to a *penalty* or *forfeiture.* *Harrison* & ux. v. *Southcote* & al. 1 *Atk.* 539. 1 *Madd. Chan.* 173. Fourthly, a party *may* be subjected to a penalty or forfeiture, notwithstanding the statute of limitations has run against it—*e. g.* by omitting to plead it—or mispleading. The disgrace or injury to his reputation, is the same after as before.

*Litchfield,*
*June,*
*1827.*

*Northrop*
*v.*
*Hatch.*

*D. S. Boardman*, on the same side, was stopped by the Court.

PETERS, J. The defendant takes several exceptions to the bill; but it would be a work of supererrogation to consider them all, when one of them is fatal.

By statute, *tit.* 40. it is provided, that "all fraudulent conveyances of lands and tenements, made with intent to avoid any debt or duty of others, shall be utterly void, as against those persons only, their heirs, &c. whose debt or duty is endeavoured to be avoided;" "and all the parties to such fraudulent contract, knowing the fraud, who shall willingly justify the same as being done *bona fide*, and on good consideration, shall forfeit one year's value of the land, one half to the party aggrieved, who shall sue for and prosecute the same to effect, and the other half to the treasury of the state."

It is a general rule in chancery, as well as in law, that no person can be compelled to make a discovery, that may subject him to a prosecution for felony, or tend to show the defendant guilty of any moral turpitude; as the birth of a child out of wedlock, or to answer what is a matter of scandal, or what may lead to a legal accusation, or what may subject him to a penalty, or any thing in the nature of a penalty, as usury, &c.; for in criminal proceedings, the accuser cannot put the accused upon his oath. *Hinde's Ch. Pract.* 40. 1 *Madd. Chan.* 173. *Mitf.* 157. 160. 1 *Phill. Evid.* 222.

In *Franco* v. *Bolton*, 3 *Ves.* jun. 368. the bill stated, that in consideration that the defendant would cohabit with the plaintiff as his wife, he gave her a bond of 1000*l.*, conditioned to pay her an annuity of 100*l.* during her life, and prayed a discovery and relief. The Lord Chancellor said, "I cannot compel her to discover whether before the connexion she capitulated with him for this provision. *That* would make her liable not only to the reproach, but to the consequence, of having lived in this illicit course."

In *Chauncey* v. *Tahourden*, 2 *Atk.* 392. the plaintiff, execu-

*Litchfield,*
June
1827.

Northrop
*v.*
Hatch.

tor of a will, brought a bill for the discovery of the marriage of the defendant, who demurred because the discovery would be a forfeiture of a legacy given to her by the will, upon condition she married with the consent of the trustees.   The Lord Chancellor said : " Suppose a man should bring a bill to set aside an usurious contract; and in the interrogatory part, should ask the defendant what interest he agreed to take ; how can he set forth what interest he agreed to take, without discovering, at the same time, the very interest he has taken? So here, when the bill asks her to discover whether she is not married, how can she answer *that*, without showing, at the same time, it was a marriage against the consent of the trustees, and by that means subject herself to a forfeiture *?*  Therefore, the demurrer must be allowed."

In *Smith* v. *Read*, 1 *Atk.* 526. a bill was brought for the rents and profits of an estate, and to discover whether *A.*, under whose will the defendant claimed, was a *papist*, at the time of the purchase made by *A.* of the estate from the plaintiff's ancestor.   The defendant's counsel insisted, that the bill sought to discover what, if true, would be a forfeiture and penalty.  The Lord Chancellor said: "I think the defendant is not bound to discover; for there is no rule more established in equity, than that a person shall not be obliged to discover what will subject him to a penalty, or any thing in the nature of a penalty."   The same principles have been recognized, by this Court, in *Benjamin* & al. v. *Hathaway*, 3 *Conn. Rep.* 528. where in an action of ejectment, the plaintiff claimed title, by the levy of an execution, and the defendant called on the sheriff to falsify his own return, to which he objected ; the judge rejected the testimony ;  and his decision was, by this Court, affirmed.   In expressing their unanimous opinion, the Chief Justice said : "If the sheriff were admissible to falsify his return, clear I am, that he is not compellable to give testimony for that purpose.   For a false return the sheriff is by statute liable to a penalty ; and there exists no doubt that he cannot be coerced, by his own testimony, to expose himself to a recovery.   My own opinion would be the same, if the effect of the testimony were merely to subject the witness in debt.   It is an established principle, that a person cannot, in a suit against him, be compelled to produce evidence against himself; and by a strong analogy, he ought to be protected, when called on to testify for another."

But the plaintiff replies, that the defendant is protected by the statute of limitations. Be it remembered, that there are no special pleadings *in foro conscientiæ*; and that neither time nor statute can efface the stigma from a convicted, acquitted or outlawed felon. "A pardoned man," said Lord Chief Justice *Treby*, in *Cooke's* case, 4 *State Trials* 748. "is not guilty: His crime is purged. But merely for the reproach of it, it shall not be put upon him to answer a question, wherein he will be forced to disgrace or forswear himself." See 1 *Phill. Evid.* 206, 7. *Rex* v. *Lewis*, 4 *Esp. Rep.* 225.

There is no error in the judgment complained of.

The other Judges were of the same opinion, except BRAINARD, J. who was absent.

Judgment affirmed.