SKINNER *against* JUDSON:

IN ERROR.

A court of chancery will generally compel a discovery, in aid of a suit at law, where the leading circumstances rest in the knowledge of the defendant.

And it makes no difference whether the action, in aid of which a discovery is sought, be founded in contract or in tort.

A court of chancery will compel a discovery to detect fraud and imposition, and to set aside a fraudulent conveyance.

But no person is obliged to answer matter of scandal; which imports that infamy which arises from crime, in contradistinction to the reproach resulting from a private fraud.

No person is obliged to disclose facts, which may subject him to a forfeiture or penalty.

But if the forfeiture or penalty is waived, by those who are entitled to it, or is barred by the statute of limitations, it no longer shields the party from a discovery.

Therefore, where a party received a deed of land, without consideration and in trust for the grantor, went into possession, and being sued in ejectment for the land, defended under such deed; on a bill of discovery, brought by the plaintiff against the defendant in ejectment, in aid of that action, after the lapse of more than one year from such conveyance, it was held, 1. that this transaction would ordinarily

New-Haven,
July, 1831.

Skinner
v.
Judson.

subject the defendant to the penalty of the statute; 2. that such liability, while it subsisted, would protect the defendant from a discovery of the facts on which it was founded; and 3. that after the penalty was barred by the statute of limitations, a discovery might be enforced.

It is no ground of demurrer to a bill of discovery, that a third person is acquainted with the facts sought after; but the exception must be taken at the hearing, where the competency and credibility of such person as a witness, may be thoroughly sifted.

A bill in chancery, seeking relief, not against, but in aid of, a cause depending in the superior court, must aver the matter in demand to be more than 335 dollars, to bring it within the jurisdiction of the superior court.

Therefore, where a bill of discovery was brought in aid of an action of ejectment, not containing such averment, but shewing that the land demanded had been set off to the plaintiff on execution for less than 100 dollars; it was held, that the superior court had not jurisdiction.

THIS was a bill in chancery, brought by *Skinner* against *Judson*, for a discovery, to be used as evidence in an action of ejectment between the same parties, depending in the superior court.

The bill stated, that the plaintiff, being a creditor of *John Smith*, in *January* 1829, obtained a judgment against him for 81 dollars, 17 cents; that soon afterwards, he caused an execution, issued on that judgment, to be levied on a piece of land in *Woodbridge*, belonging to *Smith*, which was appraised at 90 dollars, 78 cents, and duly set off to the plaintiff; that to obtain possession of it, he has since brought an action of ejectment against *Thomas Judson*, the present defendant, which is now depending in the superior court; that some time previous to the levy, *viz.* in *March* 1826, *Smith*, being insolvent, gave a deed of the same land to the defendant, without consideration, and with intent to avoid the plaintiff's debt and the demands of his other creditors, and upon the agreement, that the defendant should hold the land in trust for the plaintiff, or some part of his family; that the defendant soon afterwards went into possession of the land, and has ever since remained in possession; that the transaction between *Smith* and the defendant, respecting the land and deed, was secret; in consequence of which the plaintiff is unable to prove the facts before stated. The bill was brought in *March*, 1831. The parties joined in a demurrer to the bill; the superior court sustained the demurrer; and, on motion in error, by the plaintiff, the case was brought before this Court for revision.

*Seeley* and *White*, for the plaintiff, after adverting to the general rule, that a party is entitled to a discovery of matter necessary to enable him to prosecute or defend an action at law ; (3 *Bla. Comm.* 436,7. 1 *Madd. Chan.* 162. *Mayor &c. of London* v. *Levy*, 6 *Ves.* 404.) and that it is not material whether the action in aid of which the discovery is sought, be founded in contract or in tort ; (*Com. Dig. tit.* Chancery. 3 B. 1. *East-India Company* v. *Sands*, 1 *Vern.* 129. *Cage* v. *Warner, Hardr.* 182. *Langley* v. *Brown*, 2 *Atk.* 204. *Thorp* v. *Macauley*, 5 *Madd. Chan. Rep.* 135.) there being no distinction between actions in form *ex contractu* and those founded on property in form *ex delicto ;* and remarking, that the defendant is bound to disclose or protect himself, by shewing, that he comes within some of the established exceptions to the general rule ; contended, that the defendant was not protected from a discovery, on the ground, that the facts charged in the bill would expose him to a forfeiture.

In the first place, the fraudulent contract contemplated by the 2d section of the statute against fraudulent conveyances, (*Stat.* 147.) is not a contract *constructively* fraudulent as being without consideration, but it imports an *intentional* fraud. *Doe* d. *Watson* & al. v. *Routledge, Cowp.* 710. *per* Ld. *Mansfield. Doe* d. *Otley* v. *Manning*, 9 *East* 63. *per* Ld. *Ellenborough.* The objection, therefore, that the defendant, in the present case, by disclosing the fraudulent agreement, would expose himself to a forfeiture, is applicable only to that part of the bill, which charges him with taking the deed, knowing of *Smith's* insolvency and *with the intent* to avoid the plaintiff's debt. A conveyance *merely voluntary* not exposing the parties to the forfeiture provided by the 2nd section, the defendant was bound to answer all those charges in the bill, which do not impute to him *direct intentional* fraud. The demurrer, being to the whole bill, is, therefore, bad, and must be overruled. *Muntford* v. *Taylor*, 6 *Ves.* 788. *The Attorney General* v. *Duplessis, Parker* 144. *The Attorney General* v. *Brown*, 1 *Swanst.* 305. *Harrison* v. *Southcote*, 1 *Atk.* 528. *Kimberly* v. *Sells*, 3 *Johns. Chan. Rep.* 471.

Secondly, a recovery of the forfeiture, (if any were incurred, by the facts charged in the bill,) being barred, by the statute of limitations, the reason of the exception ceases, and with it the exception. A recovery of that forfeiture can now

no more be had than if the statute had been repealed. *Will-iams* v. *Farrington*, 2 *Cox*, 202. S. C. 3 *Bro. C. C.* 39. *Parkhurst* v. *Lowten*, 1 *Meriv.* 390. *The Attorney General* v. *Cresner, Parker*, 279. The case of *Northrop* v. *Hatch*, 6 *Conn. Rep.* 361. is not an authority against this position. The discovery there sought would have been immaterial, inasmuch as the bill did not show, that the plaintiff had any title to the land. It was upon that ground, that the decision of the court proceeded ; the opinion expressed upon other points being extra-judicial.

Thirdly, the defendant is not within the exception, which protects a party from the discovery of matter of *scandal*, or, as the expression in the books generally is, what would render him *infamous ;* the terms *scandalous* and *infamous*, with reference to this subject, importing the same thing.—It ought to be premised, that so far as the present bill charges the defendant with taking a deed without consideration, and in trust for *Smith*, it does not, either expressly or by legal infer-ence, reflect on his integrity. But charges in a bill of con-spiracy, combination and fraud, must always be explicitly and fully answered, if required. The distinction is between char-ges, which impute a crime—a public offence—and a private fraud : as to the former, the defendant is protected from an-swering ; the latter he must always disclose. *Chetwynd* v. *Lindon*, 2 *Ves.* 450. *Parkhurst* v. *Lowten*, 1 *Meriv.* 390. *Bulkley* v. *Dunbar* & al. 1 *Anstr.* 37. *Deloraine* v. *Brown*, 3 *Bro. C. C.* 633. *Bicknell* v. *Gough*, 3 *Atk.* 558. *Lons-dale* v. *Littledale*, 2 *Ves.* jun. 451. *King* v. *Martin*, 2 *Ves.* jun. 641. *Cartwright* v. *Green*, 8 *Ves.* 405. *Hendricks* v. *Rob-inson*, 2 *Johns. Chan. Rep.* 283. *Sharp* v. *Sharp*, 3 *Johns. Chan. Rep.* 407. *Brinckerhoff* v. *Brown*, 6 *Johns. Chan. Rep.* 139.

*Kimberley* and *C. A. Ingersoll*, for the defendant, contended, 1. That the plaintiff was not entitled to the discovery sought ; first, because it would expose the defendant to a forfeiture. The bill charges the defendant with having taken the deed, not only without consideration, but with intent to defraud the plaintiff and the other creditors of *Smith;* and with having gone into possession of the land, under that deed ; from which, it is averred, he is now holding out the plaintiff. These facts, if proved, are sufficient to subject the defendant to the penalty of the statute against fraudulent conveyances. *Stat.* 247. Now, that the law will not compel a party to disclose such

facts, is well settled. *Hinde's Chan.* 40. 41. *Mitf.* 160. 1 *Madd. Chan.* 214. 2 *Swift's Dig.* 226. *Franco* v. *Bolton,* 3 *Ves.* jun. 368. *The United States* v. *The Saline Bank of Virginia,* 1 *Pet. U. S. Rep.* 100. 104. *McIntyre* & al. v. *Mancius* & al. 16 *Johns. Rep.* 592.

But the rule goes further. The defendant is not obliged to answer, if his answering *may* subject him to a penalty: it not being requisite for his protection, that it *must* so subject him. *Harrison* & ux. v. *Southcote,* 1 *Atk.* 539. This meets the argument derived from the lapse of time, in this case, since the penalty was incurred. The defendant *may* be subjected to the penalty, after the statute of limitations has run; as by his counsel not pleading it. Besides, the statute of limitations is not a *bar*, but only a *suspension* of the remedy. *Hinde's Chan.* 39. And if it were, it does not appear from the plaintiff's bill, that the defendant can avail himself of it for his protection; for the defendant may have been absent from the state ever since the penalty was incurred; and in such a case, the statute does not run. *Stat.* 311. *tit.* 59. *s.* 8. *Northrop* v. *Hatch,* 6 *Conn. Rep.* 361. ought to be considered as settling the law on this point.

Secondly, the defendant is protected from a discovery, because he is called upon to disclose a matter of scandal. 1 *Madd. Chan.* 173. *Franco* v. *Bolton,* 3 *Ves.* jun. 368. 372.

Thirdly, a discovery will not be compelled in aid of a suit at law for a *tort.*

2. That if the statute of limitations is a bar, so as to remove the protection, the bill is insufficient, because the plaintiff has adequate remedy at law; for *John Smith,* the grantor, in that case, is a competent witness, and obliged to testify; and if he is, chancery will not interfere. *Gelston* & al. v. *Hoyt,* 1 *Johns. Ch. Rep.* 543. *Duvals* v. *Ross,* 2 *Munf.* 290. *Bass* v. *Bass,* 4 *Hen.* & *Munf.* 478. *Pollard* & al. v. *Lyman* & al. 1 *Day* 165.

3. That whether *John Smith* is a competent witness or not, the bill is insufficient, for want of an averment that the facts sought to be disclosed were exclusively within the knowledge of the defendant.

HOSMER, Ch. J. The principles involved in this case, for the most part, have so frequently been discussed and settled, that little more is necessary then briefly to state and apply them.

*New-Haven,*
July, 1831.

Skinner
*v.*
Judson.

That chancery, in aid of a suit at law, where the leading circumstances rest in the knowledge of the defendant, will compel a discovery, as a general principle, is perfectly indisputable. 1 *Madd. Chan.* 89. 162. *City of London* v. *Levy,* 8 *Ves.* 404. *The Attorney General* v. *Duplessis Parker* 151. *McIntyre* & al. v. *Mancius* & al. 16 *Johns. Rep.* 592. 597. *Pollard* v. *Lyman,* 1 *Day* 156. *The Midddletown Bank* v. *Russ* & al. 3 *Conn. Rep.* 135. 139. 140. 3 *Bla. Com.* 437.

It is equally well established, that whether the action, in aid of which a discovery is sought, be founded on contract or in tort, if the plaintiff has an equitable right, a discovery will be enforced. *The East India Company* v. *Sandys,* 1 *Vern.* 129. *The East India Company* v. *Evans* & al. 1 *Vern.* 308. *Com. Dig. tit.* Chancery. 3 B. 1. *Thorp* v. *Macauley,* 5 *Madd. Chan. Rep.* 135. 1 *Eq. Ca. Abr.* 76.

It is likewise unquestionable, that chancery will decree a discovery to detect fraud and imposition, and to set aside a fraudulent conveyance. *Bennet* v. *Musgrove,* 2 *Ves.* sen. 51. *Bicknell* v. *Gough,* 3 *Atk.* 558. *Kimberly* v. *Sells* & al. 3 *Johns. Chan. Rep.* 467. 471. Earl of *Deloraine* v. *Brown* & al. 3 *Bro. C. C.* 633. *Mitchell* v. *Harris,* 2 *Ves.* jun. 129. Lord *Lonsdale* v. *Littledale,* 2 *Ves.* jun. 451. *King* v. *Martin,* 3 *Ves.* jun. 641.

To these principles there exist certain exceptions, two of which alone it is requisite to mention. No person is obliged to answer matter of scandal; nor to make discovery of that which may subject him to a forfeiture or penalty.

The term *scandal,* that protects a person from making answer, has a meaning limited and technical. Fraud, in the established sense of the word, is not the scandal, but this epithet is applicable to crime only. Notwithstanding the answer of the defendant, by the discovery of a private fraud, may tend to cast great reproach on his conduct and character, still he is compellable to make answer. But to the scandal and infamy arising from crime, he is never to be accessory, by being compelled to make discovery. *Mitf.* 37. 147. *Deane* v. *Rastron,* 1 *Anstr.* 64. *Allen* & al. v. *Randolph* & al. 4 *Johns. Chan. Rep.* 693. *Chetwynd* v. *Lindon,* 2 *Ves.* sen. 450. *Parkhurst* v. *Lowten,* 1 *Meriv.* 391. *Parker* 144. *Harrison* & ux. v. *Southcote* & al. 1 *Atk.* 539. Nor is the defendant bound to make discovery not only of that which must, but even of that which *may* subject him to a penalty. 1 *Madd. Chan.* 73. *City of London* v. *Levy,* 8 *Ves.* jun. 404. *Finch* v. *Finch,* 2

*Ves.* sen. 492.   *The Attorney General* v. *Duplessis, Parker*
144.   *Hinde's Chan.* 40, 41. *Mitf.* 160. *Harrison* & ux. v.
*Southcote* & al. 1 *Atk.* 539.

If, however, the statute of limitations has incurred, the de-
fendant is compellable to answer ; and for this plain reason,
because the penalty can never be enforced.   2 *Cox* 202. *Wil-
liams* v. *Farrington*, 3 *Bro. C. C.* 39.   *Parker* 279.   *Park-
hurst* v. *Lowten*, 1 *Meriv.* 391.

Upon the same principle, if the penalty is waived by the
plaintiff, and by all those who can claim any part of the penal-
ty or forfeiture, the defendant is bound to make discovery.   1
*Madd. Chan.* 173. *Bird* v. *Hardwicke*, 1 *Vern.* 109.   1 *Chan.
Rep.* 144.

And on similar ground, if the penalty is barred and irrecov-
erable, a discovery will be enforced.   *Anon.* 1 *Vern.* 60.

In opposition to the principles above stated, is the case of
*Northrop* v. *Hatch*, 6 *Conn. Rep.* 361. With great deference to
the judge, who assigned the reasons in that case, I must presume,
that he rather expressed the principles operating on his mind,
than those which influenced the decision of the Court.    The
determination, so far as I recollect, proceeded entirely on the
ground, that the bill shewed no title to the land in question, in
relation to which the discovery was sought, and was manifest-
ly insufficient.    This was the foundation of my opinion,  and,
as I understand from one of the judges, (*a*) was equally so of
his.

To apply the principles above stated to this case.    Bills of
discovery for the attainment of justice are to be favoured, so far
as it can be done in consistency with the preceding princi-
ples.    But as a defendant is never bound to make discovery of
any fact, that *may* subject him to a penalty, it is perfectly
clear, that he is equally protected from making answer, when
the allegations of a bill state many facts, each and all of which
have a joint or united tendency to bring him within the penal-
ty of the law.    If the chain want one link, that link he is not
bound to supply.    This is in perfect consistency with the prin-
ciple, that where the allegations are distinct, having different
objects in view, a discovery may be had as to such facts, which
have no tendency to aid in subjecting the person answering
to a penalty.

The plaintiff's bill contains one uniform charge to effect a
single object ; and that is, that the defendant received of

(*a*) Judge *Daggett.*

*Smith* a deed of land, without consideration, and in trust for the grantor ; and that having entered into possession of the land, he is now defending against an action of ejectment, brought for the recovery of it, on the ground of the aforesaid deed.    This, if true, in the language of the statute, is " wittingly to justify" the transaction " as being *bona fide* and on good consideration ;" and ordinarily would subject the defendant to the penalty of the law. *Stat.* 247.  If the penalty were now recoverable, it follows very clearly, that the defendant would not be bound to answer the allegations of the plaintiff's bill. The fact, however, is not so.    By statute relating to this subject, no suit or action is sustainable for a forfeiture but within one year next after the offence was committed.    *Stat.* 311. *s.* 6.  In this case, since the commission of the alleged offence several years have elapsed ; and the penalty cannot be enforced.    Hence, from this source no objection arises against the discovery.

It has, however, been argued, that there is adequate remedy at law ; as *Smith* is acquainted with the facts sought after, and is compellable to testify.

On a demurrer to the bill, this principle is unavailable.    If *Smith* is now living, it may be made to appear, that he has an interest against the plaintiff, which should exclude any reliance upon him ; or that he is incredible, by reason of want of veracity ; or incapable, through defect of memory ; or that he is infamous.    On a hearing of the bill, these topics may be raised, where they can be thoroughly sifted ; but they cannot be examined under the demurrer.

To the discovery, by the decree of a legal tribunal, there appears to be no objection ; but the bill is not within the cognizance of the superior court.    The matter in demand must exceed three hundred and thirty-five dollars, or it falls below the court's jurisdiction.    *Stat.* 138.  There is no allegation to this effect ; and from the facts stated in the bill, it appears, that the land in question was set off on execution for less than one hundred dollars.    It is true, that by the provision of the statute, *against* any judgment of the superior court or cause there depending, a bill in equity may be brought before such court for relief.  *Stat.* 138.  In this case, however, the bill exhibited is not to be relieved *against* a judgment or cause depending, but to *support* one.

The judgment of the superior court, must, therefore, be affirmed.

The other Judges were of the same opinion, except PETERS, J., who was absent.

<div style="text-align: right">

Demurrer overruled as to discovery;

And sustained as to jurisdiction.