1832.

Brockway
v.
Copp.

---

## BROCKWAY & MCFARLAND *vs.* COPP.

Where the owner of a negotiable note, who might have sued in his own name, caused a suit at law to be instituted in the name of a third person, for the purpose of depriving the defendant of his testimony ; upon a bill filed against such nominal plaintiff for a discovery, and for relief against the suit at law, he was not allowed to avail himself of the objection that the real owner of the note was not made a defendant.

A fact charged in the bill, but which is neither admitted nor denied by the answer, cannot avail the complainant unless it is established by proof.

THIS was an appeal by the defendant from a decision of the vice chancellor of the seventh circuit, overruling the demurrer to the complainants' bill. The facts sufficiently appear from the opinion of the court.

Sept. 18.

*H. Baldwin,* for the complainants. The decision of the vice chancellor in overruling the demurrer was correct. The bill is for discovery to aid the defence of a suit at law. The complainant has no remedy or relief at law without a discovery. Without a discovery, he cannot show that the note in question was usurious and void. No offer to pay the amount of the note was necessary, as the bill charges that the same has been paid, and seeks to avoid a second payment. The bill also charges that the fact of payment was known to Phillips only, and that he was the real plaintiff in the suit, and consequently could not be compelled to testify in a court of law. (*Mauran v. Lamb,* 2 *Cowen's Rep.* 174.) The bill also expressly charges that the complainants cannot proceed to the trial of the suit without a discovery ; and it clearly shows that

1832.

Brockway
v.
Copp.

justice requires this court to interfere, to prevent an unconscientious and fraudulent recovery. (*Le Roy* v. *Veeder*, 1 *John. Ch. Rep.* 417.) The demurrer also cannot be sustained, as it is to the whole bill, both to the discovery and the relief. The complainants being entitled to the discovery, if not to the relief, the demurrer must fail. (*Kimberly* v. *Sills*, 3 *John. Ch. Rep.* 467. *Higgenbotham* v. *Burnet*, 5 *Id.* 184. *Livingston* v. *Livingston*, 4 *Id.* 294. *Laight* v. *Morgan*, 1 *Id.* 429.) The facts charged in the bill make out a perfect defence, both at law and equity, against the note ; and that it is impossible for the complainants to procure the proof of those facts without a discovery. It is said by the defendant's counsel that this cause is beneath the jurisdiction of the court. But the matter in controversy is the amount of the $100 note and interest, which is sought to be unconscientiously recovered at law. It is also said that Phillips and Brewster should have been made parties to this suit. The rule is that all persons should be made parties whose interests are involved in the issue, and who must necessarily be affected by the decree. What is the issue ? The right of Copp to recover on the note. And what is the decree, if any ? A perpetual injunction as to the suit at law. In this issue and under this decree Phillips and Brewster are not necessary parties, as no decree would be made against them. (2 *Maddock*, 147.) Again, as this is a bill of discovery to aid the defence of a suit at law, the defendant cannot demur as to the discovery for the want of parties. Although the complainants may ask relief in their bill, it is no less a bill for discovery. The object of the bill is to defeat the suit at law in the name of Copp ; and this court can as effectually do that as if Phillips and Brewster were parties. If the complainants are entitled to the discovery and not to the relief, still the defendant cannot demur to the whole bill for the want of parties. (*Livingston* v. *Livingston*, 4 *John. Ch. Rep.* 294.) It is also said that the bill is multifarious, in that it sets up two distinct and substantial defences to the suit at law. This objection must be predicated upon the old principle of Syntax, that two negatives make an affirmative, or upon the defendant's *new* principle of equity, that two legal defences make an equitable defence.

*E. W. Leavenworth,* for the defendant. The bill in this cause is an ordinary bill for relief, with the usual prayer for a discovery, and is not what is termed a bill of discovery. A bill of discovery is employed merely for the discovery of facts in the knowledge of the defendant, or of deeds or writings, or other things, in his custody or power ; but praying no further or other relief. This is the definitive office of a bill of discovery. *(Maddock's Ch.* 160. 2 *Brown's C. C.* 471. *Mitford's Pl.* 27, 42. *Cooper's Pl.* 58. *McDougal* v. *Miln,* 2 *Paige's R.* 325.) Cooper says, " If the plaintiff who is entitled to discovery, but not relief, prays for relief, a general demurrer may be put in to the whole bill." (*Cooper's Pl.* 58. 2 *Brown's C. C.* 319. 4 *Id.* 480. 2 *Ves. jun.* 459, 514. 3 *Id.* 4, 343. 8 *Id.* 3. 11 *Id.* 509.)

Considering this bill as a bill for relief, there is nothing in it making it a suitable subject for equitable jurisdiction ; and the complainants shew that they have a fit and adequate remedy at law. If a plaintiff can have as effectual and complete a remedy in a court of law as in a court of equity, and that remedy is clear and certain, a demurrer which is in truth a demurrer to the jurisdiction of the court, will hold. (*Coop. Pl.* 124. *Kirb. R.* 185. 4 *Hen. & Munf.* 491.) Usury is not a subject of equitable relief, but it is strictly a legal defence. A discovery may be asked for ; but that is merely to aid the legal defence, and not for the puspose of obtaining relief. With regard to payment, it is a defence which may be made at law, and is properly cognizable in a court of law, and certainly is not a matter of equity jurisdiction. The party may seek a discovery to aid the defence of payment at law, but he cannot ask the court of chancery for relief. (6 *Vesey,* 136. 3 *Atk.* 740. *Ambler,* 109. 1 *Haywood,* 368, 369.) In the case of *Underhill* v. *Van Cortland,* (2 *John. Ch. R.* 369,) the chancellor lays down the rule, that where the defendant puts in his answer instead of a demurrer, and the cause comes on to be heard on the merits, it is too late to object to the jurisdiction of the court on the ground that the plaintiff might have pursued his remedy at law. The complainants are not entitled to a discovery. A bill of discovery, for matters material to the defence of the plaintiff in a suit at law against him, must state the na-

ture of that defence. (3 *John. Ch. Rep.* 45. 16 *John. Rep.* 592, *S. C.*) It ought to state enough to enable the court to see that the ends of justice required its interposition ; that its aid is necessary, and the discovery material to the defence. For if the facts depend on the testimony of witnesses, and the court of law can compel their attendance, chancery will not interfere. (*Gelston* v. *Hoyt*, 1 *John. Ch. Rep.* 543. *Leggett* v. *Postley*, 2 *Paige's Rep.* 601.) The complainant must shew affirmatively in his bill that his right or defence cannot be established at law by the testimony of witnesses, or without the aid of the discovery which he seeks. The court will not presume that it is material or necessary for the complainant to have a discovery, merely to guard against anticipated perjury in a suit at law. (*Leggett* v. *Postley*, 2 *Paige's Rep.* 602.) It is most manifest that a discovery is not necessary to the complainants' defence against the note in question. If the note has been paid, as the complainants cannot avail themselves of the usury, and can only recover back the excess above legal interest, the amount to which they would be entitled would be less than $100, and the court could not entertain jurisdiction of the suit.

The bill is also bad for multifariousness, inasmuch as it states two distinct matters of defence : 1. Usury in the note, and 2. Payment. (*Cooper's Pl.* 119.) An information was filed against a corporation, stating that they were seised of their estates partly for purposes of public utility, and partly for the benefit of a private charity therein mentioned, and charging a misapplication of the funds. The defendants demurred for blending together different transactions, neither connected with nor dependant on each other ; and the demurrer was allowed. (*Cooper's Pl.* 183, 4.) The double ground taken by the complainants here is not only multifarious but inconsistent.

Phillips should have been made a defendant. The bill states that Phillips is the party in interest, and Copp only the nominal party ; and that Copp never had any interest, being always the agent of Brewster. (*Cooper's Pl.* 119, 185.) The bill should embrace all the parties, so that the rights of all could be settled. (12 *Ves.* 58. 3 *John. Cas.* 311. *Mitf.*

*Pl.* 145, 146, 133, 4.) Whenever a want of parties appears on the face of a bill, it is a good cause of demurrer. (1 *John. Ch. Rep.* 349, 437. 2 *Id.* 245, 7, 238. 2 *Paige's Rep.* 289, 15.)

If the law of the state previous to January 1st, 1830, is to govern this case, so far as the usury is concerned, then the complainants should have offered to pay the money due, with lawful interest. (1 *John. Ch. Rep.* 367, 439. 5 *Id.* 122.) But if the revised statutes are to control, then we insist that Phillips is the real plaintiff, and that the note was transferred to him without any notice of the usury, and that the defence of usury cannot be set up.

THE CHANCELLOR. The object of the bill in this case is to obtain a perpetual injunction against the prosecution of a suit at law on a note alleged to be usurious. As it appears upon the face of the bill that the complainants have no means of proving the usury, except by a discovery to be obtained by the answer of the appellant on oath, and there is no offer to pay the amount of the principal of the loan if it should appear that any thing was due, the complainants are not entitled to a discovery as to the usury charged in the bill. And if this was the only ground of equity set up by them, the demurrer would have been well taken. In the case of *Livingston* v. *Harris & Livingston,* which has just been decided,[a] I have had occasion to examine as to the true construction of the eighth section of that title of the revised statutes which regulates the interest of money, (1 *R. S.* 772,) and have arrived at the conclusion, that the defendant is not bound to make a discovery as to the usury, unless the complainant, in his bill, offers or submits to pay the amount of the principal sum which may be actually due exclusive of interest. It is no answer to the objection in this case, that it is alleged in the bill that the whole has been paid ; because, if the defendant should make a discovery as to the usury, he would subject himself to a forfeiture of the whole debt although he should deny the fact of payment, and it should ultimately appear that the allegation of payment contained in the bill was untrue. If nothing is in fact due, the complainants

[a] Ante, p. 528.

could not be injured by a conditional offer to pay the money actually loaned, or such part thereof as may be due, if it should ultimately appear that any part thereof remained unpaid.

But there are other allegations in the bill to which the complainants are entitled to an answer, although the defendant is not bound to make a discovery as to the usury. It is alleged that the whole amount of the note has been actually paid; or rather, that the money was put into the hands of Phillips to pay the same, and that the present defendant has made such an arrangement with him as to discharge the complainants, in equity at least, from all further liability. That the suit at law is prosecuted for the benefit of Phillips, and that it is brought in the name of Copp for the purpose of depriving the complainants of the benefit of his testimony to establish those facts. The complainants also allege that they cannot prove those facts without the testimony of the defendant Copp.

The objection that Phillips was a necessary party in this case cannot be sustained. Where a suit is brought by the assignee of a chose in action in the name of the assignor, as a general rule the assignee must be a party to a bill filed in this court to stay the proceedings at law. That principle, however, is only applicable to those cases where the real party is, by the rules of law, required to bring his suit in the name of the assignor; and it cannot in justice be extended to a case where the assignee had the right to sue in his own name but has chosen to bring the suit in the name of a third person for the purpose of depriving the defendant of the benefit of his testimony. As the defendant in the suit at law has no right to object, in such a case, that the nominal plaintiff has no interest in the note or bill upon which the suit is brought, he has a right in this court to treat him as the real party where he files a bill here to stay his proceedings at law.

The overruling of the demurrer will not deprive the appellant of his right to resist the discovery as to the usurious nature of the note; as this is an exception to the general rule that the defendant cannot in his answer object to answer any particular matter charged in the complainant's bill. Where

it appears that any part of the discovery called for by the bill may subject the defendant to a criminal prosecution, or to any loss or injury in the nature of a penalty or forfeiture, an exception will not lie to an answer on the ground that such discovery is not made. (*3 Peer Wms. Rep.* 238. 1 *Meriv.* 390. 1 *Swanst.* 192, 305. 19 *Ves.* 225. *Lube's Eq. Pl.* 324.) And the facts charged in the bill, but which are neither admitted nor denied by the answer, will not upon the hearing be taken as admitted, being put in issue by the formal traverse at the conclusion of the answer. The allegations in the bill will not therefore aid the complainant, unless he is able to establish them by evidence. (*Moffatt* v. *McDowall*, 1 *McCord's Ch. R.* 434. *Young* v. *Grundy*, 6 *Cranch*, 51. *Hopkins* v. *Stump*, 2 *Har. & John.* 304. *Warfield* v. *Gambrill*, 1 *Gill. & John.* 510.)

The order of the vice chancellor overruling the demurrer must be affirmed, with costs; but without prejudice to the right of the appellant, to insist in his answer that he is not bound to make any discovery as to the consideration of the note mentioned in the complainant's bill, or as to any other fact which may enable them to enforce a forfeiture of the money loaned.