By the Court.
This is a suit on a policy of insurance on a vessel claiming for a total loss, or in a certain alternative, for a partial loss. There was as it is alleged, a technical, but not an absolute total loss. No answer has been put in. The defendants present a petition for a discovery, to enable the party to answer, which presents the question, whether this proceeding to compel a discovery under the revised statutes, is not repealed by the provision on that subject in the code 'l
We have looked into the subject, and will state our conclusion. The practice under the rules of the old supreme court, and in this court, was assimilated. The course was to present a petition, setting forth the nature of the case and the occasion of the discovery, with a certificate of counsel, that the discovery was necessary. This court in carrying into effect those rules, early came to the determination, that it would not, in ordinary circumstances, permit an inspection, or order a deposit of books or papers ; unless there was a. charge of forgery, or some similar pressing reason existed for directing it. We thought a contrary practice would be liable to very great abuse. Our practice was, to order sworn copies, which usually answered all the objects of the law, which was to enable the adverse party to prove the contents of his opponent’s books, or of papers in his possession. In every such instance, the other party could produce the original document on the trial, and then the copy would not be used.
*663 The code originally provided a rule for the inspection of papers, which was not very broad. It gave a right to take a copy, which implied an inspection of the original. If compliance with the order were refused, the court might exclude the paper from being given in evidence, or punish the party refusing, or both. The amended code extended the provision to books and documents, still giving the right to a personal inspection, and to take a copy. (Sect. 388.) The codes differed essentially from the revised statutes in this, that by the latter, copies were not to be taken, (involving an inspection,) except under an order of the court; and the court in the discretion it thus exercised, would not, except in very rare cases, direct it.
Now, does the provision of the code repeal the revised statutes as furnishing a remedy inconsistent with the former 1 We think not. The two systems may well stand together. If a party come by petition under the revised statutes, and ask for a discovery, he has a right to it. It is a different proceeding from that under the code. The court exercises different powers in respect of it, having a discretion as to the manner of ordering it, and there being provided a different mode of enforcing the discovery. There is no incongruity between the two systems, and they may stand together.
The new rules of the supreme court show the court did not deem the code to have superseded the old system. That court has made rules which carry out the latter, in respect of sworn copies and the like. The application before us comes under the old system. There is not enough in the papers, to show why or how it is necessary to have the discovery asked, in order to prepare the answer. This should be shown, as well as the nature of the documents.
Application denied.(a)

 In the case of Moore v. Pentz, President of the Mechanics Banking Association, an order had been made for the inspection of certain books of the bank. On an application founded on an alleged compliance with the order before Mason, J., lie delivered the following opinion on the point above decided. The decision in the principal case was not mentioned on the argument.—Sec the next page.