Br the Court. Woodruff, J.
The only object for which a discovery is now sought, and the only useful purpose which it is claimed such discovery would serve, is to enable the defendants to answer, the" plaintiffs’ complaint.
The complaint is, that the defendants have, as the plaintiffs’ brokers, received, at various times, divers large sums of money, being the proceeds of. the sales of notes entrusted to them by the plaintiffs for sale; and that, on the 19th day of October; 1857, the defendants had in their hands a balance, belonging to the plaintiffs, of $4719.54, being proceeds of such sales, received by the defendants, over and above all commissions for selling, etc.
•The accounts, or statements, of which discovery is sought, can be material or useful for the purpose of answering the complaint, only from their connection with, or relation to, the possible de- ' fences which the defendants may make to the claim.
We cannot learn, from the complaint or affidavits on which the order was made, nor is it suggested by the defendants’ counsel, that there is any defence in this case, unless it consist of one or more of the following, viz.:—
A denial that the money claimed by the plaintiffs was received by the defendants; a denial that it remains in the defendants’ hands; or, what may be equivalent, and perhaps a better answer, an averment that the defendants have paid it over to the plaintiffs ; or, lastly, a claim to set off the defendants’ commissions, or the value of their services rendered to the plaintiffs in negotiating the sales mentioned.
The papers sought may, perhaps, be useful when the defend- . ants come to prepare for trial; but how they are necess'ary to enable the defendants to answer the complaint, is not apparent; *672 it does not appear from the papers, and counsel failed to suggest any reason, why it was deemed necessary.
If the defendants know or believe that they have received the plaintiffs’ money, they can and ought to admit it. If they have not knowledge or information sufficient to form a belief, they are not bound to admit it, but may state the want of such knowledge and information, and this will constitute an issue. .
If they know, or upon information believe, that they have not received the money, they can say so.
If, having received it, they know or believe that they have paid it over to the plaintiffs, they can so state.
And, finally, if they know or believe that the sum claimed, or any part of it, is justly due to them, or that they are entitled to retain it for commissions or for services, there is not the slightest difficulty in averring this in their answer.
It may possibly be true, that in the accounts and statements which the defendants have rendered, they have committed themselves by what is tantamount to an admission that they have no claim to retain this money from the plaintiffs; or there may be other reasons, appearing in these statements, which make the defendants feel it to be dangerous to answer under oath, lest these statements and accounts, rendered by themselves, may convict them of error; but this is no reason for compelling a discovery. Or it may be, that if the accounts and statements were produced, the defendants would be satisfied that their claim could not be established, and so would not think it best to answer at all; but it is not with a view to any such result that a discovery will he ordered. Discovery may be ordered to assist a defendant to facts without which he cannot frame an answer, with safety to his rights; but it is not intended to protect him from answering untruthfully, or to inform him how fully he may have furnished the plaintiff with the means of disproving the answer which he may propose to interpose.
The papers sought by the defendants’ motion, cannot furnish the materials for their answer, though their examination might be a useful precaution, admonishing the defendants not to answer untruthfully, if they were so inclined.
The order appealed from must be reversed.
Ordered reversed.