## PALEN a. JOHNSON.

*Supreme Court, First District ; At Chambers, December,* 1864.

DISCOVERY.

Where a defendant's demurrer has been overruled, and the defendant has appealed from the order overruling the demurrer, a motion for the discovery of defendant's books, &c., to enable the plaintiff to prepare for trial, is premature until the decision of such appeal.

Motion for discovery of the defendant's books and papers.

The defendant, Joseph C. Johnson, in this action, and Ezra S. Bushnell and Henry Banye, defendants in another similar action, demurred to the complaints of William Palen, who brought the actions as receiver of Henry Banye, assigning various grounds for the demurrers. The demurrers were overruled in each case with leave to the defendants to answer within twenty days. (*Ante,* 301.) From the order entered in conformity with the decision, the defendants appealed. During the pendency of the appeal, the plaintiff applied by petition for a discovery of books and papers in the hands of Joseph C. Johnson, to enable him to prepare for trial.

*Nelson Merrill,* for the motion.

*Sandford & Woodruff,* opposed.

MASON, J.—This is a motion for discovery of books and papers. The defendants interposed a demurrer to the whole complaint, which was overruled in special term, and defendants have appealed to the general term from the order overruling the demurrer; and the case now stands on appeal, when the plaintiff makes this motion for a discovery. The only ground upon which the discovery is claimed in the plaintiff's petition is, that it is necessary to enable the plaintiff to prepare for the trial.

The motion must be denied, for the reason that it is prematurely made, there being no issue of fact joined to be tried. The plaintiff does not show any, and cannot show that this discovery will ever be necessary. If the demurrer is held bad by the general term, and the order of the special term affirmed, the defendant may never answer the complaint, or he may put in an answer confessing every material allegation in the complaint.

It is impossible, now, for the court to determine that this discovery is necessary, or ever will be, to enable the plaintiff to prove his case, and this motion is denied without passing upon the merits, upon the sole ground that the application is premature.

Motion denied, with $10 costs.

---

## STUART *a.* FOSTER.

*Supreme Court, First District; Circuit, February,* 1865.

### Statute of Limitations.

An assignment by an insolvent, enumerating a debt among his liabilities is a sufficient acknowledgment of the debt, to take it out of the operation of the Statute of Limitations.

Part payment of a debt, by the assignee of an insolvent, is not evidence of a new promise, to take it out of the Statute of Limitations.

Action upon three promissory notes.

Solomon Kohnstamm, on the 17th day of November, 1863, commenced this action against Charles W. Foster and others upon three promissory notes made by Foster & Co., the first of which, for ten thousand dollars, matured October 14, 1857, and the others, for smaller amounts at a later date. On the 31st December, 1857, the firm of Foster & Co. had made a general assignment for the benefit of creditors, and among their liabili-