## Case No. 39.

### In re ADAMS.

[2 Ben. 503;[1] 2 N. B. R. 95, (Quarto, 33:) 36 How. Pr. 51.]

District Court, S. D. New York. Sept. 10, 1868.

APPLICATION FOR EXAMINATION OF BANKRUPT.

Where an application was made to a register verbally, by a creditor who had proved his debt, for an order for the examination of the bankrupt, and was not supported by petition or affidavit, and the register held that the application was insufficient: *Held*, That such application ought to have been made on petition or affidavit, duly verified, showing good cause for the granting of the order.

[Cited in Re McBrien, Case No. 8,665; In re Adams, Id. 40; In re Bellis, Id. 1,276; In re Solis, Id. 13,165.]

In bankruptcy.

BY THE REGISTER. In the course of the proceeding in this cause before me, at the chambers of this court, the following question arose in relation to the way and manner in which application should be made for an order requiring the bankrupt to appear before this court under section 26 of the bankrupt act. The question is pertinent to the proceedings, and its decision will settle the practice in this and other judicial districts. The petitioner has been duly adjudicated a bankrupt. Henry N. Morgan, of the late firm of Shook & Morgan, has duly proved his claim against the estate. T. D. & G. R. Pelton, as attorneys for Henry N. Morgan, apply, under section 26 of the bankrupt act, verbally for an order compelling the attendance of the bankrupt at the chambers of this court before me, and also for the usual subpoena requiring the petitioner to appear at the same time and place to be examined as a witness in these proceedings under section 26 of the bankrupt act. The creditor having duly proven his claim has a standing in court, and both the order and subpoena when applied for in due form should be granted upon proper cause shown. This proceeding in bankruptcy is a suit in the district court of the United States, and must be governed by the rules and practice of the United States and state courts, by the bankrupt law, the general orders, and the rules, orders and regulations in bankruptcy. Since the act of congress July 16th, 1862, it is generally the practice of the United States circuit and district courts, to follow the rules of the respective state courts in

regard to form and manner of practice, as well as all questions of evidence and examination of witnesses. There is much diversity of opinion among the registers, as well as the legal profession, as to the way and manner of applying for an order and subpoena for the examination of the bankrupt; some claim that a mere verbal request to the register is a full compliance with section 26 of the bankrupt act; others say that a petition duly verified is sufficient, while the more experienced lawyers, those most familiar with the practice in the United States courts, and the late court of chancery of this state, are of the opinion that the application should be in the nature of a motion, founded upon an affidavit giving some good and sufficient reason why the order should be granted and subpoena issued, setting forth grounds for the application similar to those set forth in the petition and affidavits in special proceedings under the statutes of this state, and that such an application is properly termed "an ex parte motion for an order."

After a full and careful examination of the practice of the courts and in similar statutory proceedings in this state, the United States and in England. I fully concur with the latter view, and am of the opinion that the verbal application of the creditor, unsupported by either a duly verified petition, or affidavit showing sufficient cause for the granting of the order, is insufficient, and does not entitle the creditor to the order asked for. The counsel for the creditor then asked to have the question certified to your honor, which I herewith set forth, and the reasons and authorities upon which I have formed my opinion are most respectfully submitted to your honor. The theory of the law is that when the petitioner files his petition, &c., he, by the operation of the law, surrenders into court his effects, and also virtually his person, thereby giving the court jurisdiction of both. It is absolutely necessary to the proper administration of the bankrupt law that the court should have the jurisdiction of the person of the petitioner so far as is necessary to the proper administration of the law; such jurisdiction is merely nominal. As soon as an adjudication of bankruptcy is had, the bankrupt is at liberty to commence business on his own account, and if he afterwards obtains his discharge, all his earnings or profits since such adjudication are his. No restraint whatever is placed on the bankrupt, but until he is discharged he is at all times subject to the order of the court.

Upon the proper application of a creditor who has proved his claim, a chamber order is issued, requiring the bankrupt to appear on a certain day, also a subpoena requiring the bankrupt to appear and to be examined as a witness; both of these "process" are issued by the court, signed by its clerk under

[1][Reported by Robert D. Benedict, Esq., and here reprinted by permission. Opinion of the register reprinted from 2 N. B. R. 95. (Quarto, 33.)]

the seal thereof. Various enactments have, from time to time, been passed in this state, in relation of parties in actions and special proceedings as witnesses. In 1818, an act was passed authorizing the examination of the plaintiff as a witness, &c. In 1820, an act was passed making plaintiffs competent as witnesses, &c. In 1835, an act was passed whereby, the plaintiff was entitled to examine the defendant as a witness, and the defendant was also entitled to the testimony of a co-defendant as a witness. In 1847, an act was passed authorizing parties in civil suits, at their election, to obtain the testimony of the adverse party. Chapter 462, p. 630, Laws 1857. Sections one and three of said act are as follows: "Any party in any civil suit or proceeding, either in law or equity, had before any court or officer, may require any adverse party, whether complainant, plaintiff, petitioner or defendant, or any one of said adverse party, any and every person who is beneficially interested in said suit and proceedings, though not nominally a party, to give testimony under oath in such suit or proceeding, and such adverse party may be examined orally, or under a commission, in the same manner as persons not parties to such suit or proceedings, and who are competent witnesses therein, and such parties may be subpoenaed and his attendance as a witness compelled or he may be examined by a commission, or conditionally, or his testimony perpetuated in the same manner as any competent witness."

Section 3: "Any party in any suit or proceeding, as aforesaid, shall be required, to entitle him to examine the adverse party as a witness in any suit or proceeding, to summon such adverse party to attend the trial or hearing in such suit or proceeding, to give testimony therein in the same manner as the attendance of witnesses in ordinary cases."

In 1849, the Code of Procedure was enacted. By section 292, a judgment debtor could be examined in the same manner as any other witness, by that act.

Section 27 of insolvent laws of this state, commonly called the "Two Third Act," provides, "that the insolvent may be examined on oath at the instance of any creditor, touching his estate or debts, or any matter stated in his schedule." Section 26 of the bankrupt act, is as follows: "The court may, on the application of the assignee in bankruptcy, or of any creditor or without any application, at all times require the bankrupt, upon reasonable notice to attend and submit to an examination, on oath, upon all matters relating to the disposal or condition of his property, to his trade and dealings with others, and his accounts concerning the same, to all debts due to or claimed from him, and to all other matters concerning his property and estate, and the due settlement thereof, according to law."

It is plain to be seen that section 26 of the bankrupt law, was compiled from the legislative enactments of this state, of 1818, 1820, 1835, 1847, from section 27 of the insolvent laws, from section 292 and other sections of the Code, from section 4 of the act of congress of 1841, Gen. St. Mass. c. 118, § 66, and of 12 & 13 Vict. c. 106, § 17. Consequently, the same rules as to the bringing of the parties to an action or proceeding into court, in order to procure his or their testimony, which has heretofore been adopted, should now be followed by ths court, in order to bring the bankrupt before it for his examination as a witness, at the instance of a creditor. The words of section 26 of the act, are as follows: "The court may," &c., (not must,) thus leaving the granting or refusing of the order in the sound discretion of the court. [Blanchard v. Young,] 11 Cush. 341. Such discretion should be carefully exercised. The granting of such orders is not by any means "as a matter of course;" but only to be done in a proper case, on application of a creditor, and when good cause is shown why such order should be granted. Cause should be shown in the same manner as would be required upon the granting of any chamber order in any judicial proceedings in court.

I hold that such an order should be granted upon the creditor showing any of the facts set forth in section 26 of the act. The application of the creditor, under section 26 of the bankrupt act, for an order requiring the bankrupt to attend and submit to an examination under oath, upon all matters, &c., is analogous and similar to the proceedings authorized by section 22 of the act of voluntary assignments known as the two-third act, and other laws of the state of New York; also similar to the proceedings allowed by sections 292, 388, 369, 390 and including 397. By this proceeding, the creditor seeks to obtain facts sufficient by the examination of the bankrupt to enable him (the creditor) to prepare the specification, as authorized by section 44 of the bankrupt act, to oppose the petitioner's discharge in bankruptcy, and also to discover property and effects of the petitioner, which the petitioner owns, but which he has not set forth in his schedules of assets attached to his petition. The register has jurisdiction of the cause and also of the person of the bankrupt, and has the authority to grant the order in this case, the same as the district judge would have; and in granting the order must be governed by the rules and practice of this court, and by the practice of the courts of record of this state. In granting these orders an apparent necessity for the examination of the bankrupt should be shown, (2 Story, Eq. Jur. §§ 1497, 962; [Nieury v. O'Hara,] 1 Barb. 484; [Moore v. McIntosh,] 18 Wend. 529) similar to the practice under section 292 of the Code. The creditor applying should

set forth in his petition verified, or affidavit, some particulars of the discovery he seeks to make, or some fact he thinks he can establish in order that the court may judge whether there is any probable cause for granting the order. [U. S. v. Buchanan,] 8 How. [49 U. S.] 92. Section 26 of the bankrupt law gives the right to any creditor who has proved his claim to have an order for an examination of the bankrupt. This order is designed to accomplish all the purposes of a bill of discovery, including the examination of the bankrupt himself, and should, in a proper case, be allowed by the court. 1 Monnell, Pr. 515; [Ex parte Christy,] 3 How. [44 U. S.] 303; [Erwin v. Dundas,] 4 How. [45 U. S.] 60; [Carpenter v. Insurance Co.,] Id. 190; Poll. Prod. Doc. pp. 14, 22, 46; [Stanten v. Insurance Co..] 2 Sandf. 662; [Moore v. Pentz,] Id. 664. The right, upon a proper cause shown, in granting such orders is given by section 26 of the bankrupt act, and is also in the inherent powers of the court to exercise an equitable jurisdiction over its suitors as well as the subject matter of the action in proceedings before it. [People v. Oneida,] 18 Wend. 652; [Swift v. Collins,] 1 Denio. 659; [Pangburn v. Ramsay,] 11 Johns. 140; 1 Graham, Pr. (3d Ed.) 671-675. Such an order is not an "intermediate order," it is a "proceeding in the cause," neither can it be reviewed on appeal from the district to the circuit court. The granting of the order is in the discretion of the court, and gives summary control over the bankrupt. [Fort v. Bard,] 1 N. Y. 43; [Dunlop v. Edwards.] 3 N. Y. 344; [Rowley v. Van Benthuysen,] 16 Wend. 369.

The order becomes an imperative mandate, and must be obeyed unless set aside on motion or stayed by order of the court. Disobedience to such an order is a contempt of the court, "and for neglect or refusal to obey such order, the court may issue a warrant directed to the marshal, commanding him to arrest the person disobeying such order, and bring him forthwith before the court," such bankrupt may then be committed and punished as for a contempt of court. The commitment and punishment are in the nature of criminal proceedings, (Tayl. Bankr. 80,) and when a court commits a party for contempt, their adjudication upon the matter is a conviction—operates the same as, and is in effect, a judgment, and the warrant for their commitment becomes by operation of law an execution. The command contained in the warrant, the marshal must execute. With the execution of the warrant for commitment, the power of the court ceases, it has become an offence against the United States. The president alone, can by article 2. § 2, subd. 1, of the constitution of the United States, pardon or reprieve the person convicted of the contempt.—See opinion of Blatchford, J., in the case of Goodyear v. Mullee, [Case No. 5,578,] district court,

southern district of New York; also, Ex parte Kearney, 7 Wheat. [20 U. S.] 38, 43: also, 3 Op. Attys. Gen. 622. I consider it absolutely necessary that the rules and practice of this court in regard to the manner of issuing orders for the examination of bankrupts and witnesses therein, should be clearly set forth; and, in order to do so, I have carefully examined the bankrupt act, the general orders, and the rules and orders. and general regulations in bankruptcy, the rules and practice of this court upon the granting of any chamber order in any judicial proceedings; also, the practice of the state courts in special proceedings, and in special cases, such as habeas corpus, certiorari, mandamus and prohibition in proceedings as for contempt to enforce civil remedies, and also in other proceedings commenced by the issuing of either a writ, warrant, or process of the court, which by law are required to be issued, and find that they now and for years have been founded upon "papers" such as a petition, or complaint duly verified, or upon affidavit.

If an order or process of the court is founded upon a complaint, petition or affidavit, such complaint, petition or affidavit should be duly verified as an order or proceeding in a cause founded upon an affidavit, petition or complaint not verified would be void, and may be treated as a nullity. [Laimbeer v. Allen,] 2 Sandf. 648. See the forms of petitions and affidavits in the courts of England and in the United States. Gray, Pr. (N. Y.) 106, 518; 2 Bouv. Law Dict. 260; 1 Burrill, Pr. 45, 453; [Jackson v. Stiles,] 3 Caines, 128; [Haff v. Spicer,] Id. 190; [Jackson v. Virgil,] 3 Johns. 540; [Field v. Goodman,] 3 Wend. 310; [People v. Stryker,] 24 Barb. 649; [Laimbeer v. Allen,] 2 Sandf. 648; 2 Rev. St. p. 569, § 25.

The direction or requirement by the court that the petitioner "do attend and be examined," &c., is "an order," by the law of the state of New York. Code, § 401. By the uniform practice of all the courts in this state, such "ex parte applications" or "nonenumerated motions," are only granted upon duly verified affidavits or petitions, which affidavits or petitions, as well as the order, become part of the proceedings in the cause, and are usually served with the order. It is the practice of the United States district courts to follow the rules of the state courts, when there is no rule of the district court upon the subject. The same proceedings should be had as are now authorized in the courts in respect to the manner of compelling the attendance of witnesses on examination before an examiner or commissioner of any of the courts of the United States, or before a judge at chambers of a witness, de bene esse, or upon the examination of a debtor under the state law in supplementary proceedings under section 292, Code. To obtain an order for the examination in any of the cases

above cited, on affidavit or petition duly verified setting forth facts sufficient to authorize the issuing of an order for the examination of the party or witness, an affidavit or sworn petition is necessary. It has invariably been the practice of our state courts, in relation to the examination of a witness, de bene esse, to require an affidavit, and the same practice prevailed in regard to the examination of insolvents under the law of this state. The Two Third Act; Madd. Ch. Pr. 155; [Luling v. Stanton,] 2 Hilt. 539. After a careful perusal of the different English and American laws, and of proceedings in statutory or special proceedings, and the decisions of the courts, both state and national thereon, from all of which section 26 of the bankrupt law was compiled, I am irresistibly forced to the conclusion that the proceedings provided for by section 26 of the bankrupt law "are proceedings in the action," and must be taken in strict conformity with the rules and practice of this court, especially so as disobedience to the order is a contempt of the court and is to be punished accordingly. Proceedings for contempt in the courts of this state are provided for. Title 13, c. 8, pt. 3, p. 534, Rev. St. They are always proceedings in the case, entitled in the action and are used as a part of the machinery of the court to aid in enforcing its orders. All process in proceedings for contempt, either by attachment or commitment, are founded upon affidavit. Pitt v. Davison, 34 How. Pr. 355, and cases there cited. In Re Carpenter, [Case No. 2,427,] now pending before me, certain creditors, by Mr. Sawyer, their counsel, made a motion for the usual order and subpoena, under section 26 of the act, for the examination of the wife of the petitioner. The motion was founded upon an affidavit. The counsel for the petitioner claimed that the affidavit upon which no motion was made was insufficient, and I held that the affidavit was sufficient, "both in form and substance," and granted the order. I learn that the petitioner made a motion at chambers, before your honor, to set aside the order, &c., on the ground of the insufficiency of the affidavit upon which I granted the order, and that your honor held that the affidavit was sufficient and denied the motion.

I have regarded this decision as a special term decision that an affidavit setting forth facts sufficient to found such an order, &c., upon, was the proper way of proceeding, and have followed it accordingly. First. I hold that the creditor of the bankrupt in this, in order to avail himself of the provisions of section 26 of the act, must apply to the register (court) upon affidavit, or petition duly verified, showing some good and sufficient reason why the order should be granted, also summons issued, and that a

mere verbal request is not sufficient, not being in accordance with the rules and practice of this court. Second. That upon such reason being shown, the register (court) should, as a matter of course, grant the order &c.

John Fitch, Register.

BLATCHFORD, District Judge. The creditor in the present case, to obtain an order according to form number forty-five, for the examination of the bankrupt under section 26 of the act, must apply for such order by petition or affidavit duly verified, and show good cause for the granting of the order.