By the Court.*—Miller, P. J.
I think that the application for a discovery of books and papers cannot properly be made until after an answer has been served to the plaintiffs’ complaint.
Under the Code (§ 388), a judge is authorized to make an order for an inspection, or copy, or permission to take a copy of any books, papers, and documents containing evidence relating to the merits of the action or the defense therein. The' Revised Statutes do not extend this power (2 Rev. Stat., 199, § 22). The court, then, have not the power to compel a discovery for any purpose except for the preparation of pleadings or for trial. In this case, the plaintiffs do not require a discovery to prepare the complaint, as it is already served. Do they want it for a trial before an issue is joined ? Perhaps the defendants may not answer at all, and allow judgment by default; or, if they answer, may deny only a single fact, thereby admitting all the other allegations in the complaint. In this contingency the papers required would probably be of no avail. So, also, if the defendants interpose a demurrer, the case might be decided without requiring any of the books and papers called for.
In Palen v. Johnson (18 Abb. Pr., 304), it was held that after a demurrer had been overruled and the defendant appealed from the order, a motion for the discovery of books and papers was premature until the *232 decision of such appeal. This is a special term decision, but there is great force in the reasoning of the judge who wrote the opinion. It is quite apparent, I think, that there are insurmountable difficulties in the way of making an order for a discovery of books and papers, until an issne is framed which will enable the court to see that they are material. See also Mora v. McCready (2 Bosw., 669).
In Miller v. Mather (5 How. Pr., 160), it was held that an order for a discovery may be enforced before issue joined in the canse, but it does not appear in the report under what circumstances the order was granted. It may be made, in certain cases, as to enable a defendant to make his defense or answer (Stanton v. Delaware Mutual Ins. Co., 2 Sandf., 662), or the plaintiff to reply to the defendant’s answer (Powers v. Elmendorf, 4 How. Pr., 60; S. C., 2 Code R., 44). In Morrison v. Sturges (26 How. Pr., 177), to which we have been referred, it does not distinctly appear at what stage of the action the application was made, but it is fairly to be inferred that it was after issue joined. There is nothing in the case to show that the application can properly be made by the plaintiff, except to prepare a pleading before an issue joined, and it is apparent what questions are contested, and how far the books or papers required might be material evidence on the trial.
It is said by the plaintiffs’ counsel, that an issue has been framed for all purposes, under the order of the special term of April 14, 1870, by which it was ordered that the issue should be of the last mentioned date. What the issue would be, and what papers and books would affect it, is not clear, as already stated, and it is therefore difficult to see how the order in question aids in establishing that the papers sought are material.
The order involves a substantial right, and I think *233 it appealable. See opinion in Thompson v. Erie Railway Company.*
As the motion was made prematurely, the order of the special term must be reversed, with ten dollars costs of appeal.

Present, Miller, P. J., and Potter and Parker, JJ.

Reported on p. 212 of this volume.