Bbowne, J.
The general term of this court decided in a case similar in its facts to this, that an examination of the plaintiff would not be allowed for the purpose of discovering what consideration the plaintiff paid for the note sued on, and which was misappropriated by the party to whom it had been intrusted to procure its discount and return the proceeds to makers.
The case referred to is Smith agt. Irvine, and will he found in volume 2, cases May general term,- 1884, clerk’s office. The defendants in that case answered, and in their answer recited the facts under which they parted with the note, and *491 alleged that the plaintiff received it without consideration. This placed the defendants in the position of being possessed of the facts they swore to, to support their defense, and under the authority of Chapman agt. Thompson (16 Hrm, 53), the order of examination was reversed.
In Glenney agt. Stedwell (64 N. Y. R.; also reported in 1 Abb. N. C., 327, where many decisions are collated in a note to the case) the rule was laid down that the power given by the Code to examine an adverse party before trial is a substitute for the bill of discovery in chancery, and this rule prevails in this court.
In the case of Kanter agt. Brophy (General Term, Nov. 15, 1880, 1 Civ. Pro. Rep., 83, note), McAdam, J., writing the opinion, says: “We must follow the unbroken chain of authorities laid down by the other courts, that the examination can only be had in the cases in which, under the former practice, a discovery might have been had in equity.” Citing cases in which the rule was adopted in other courts.
In a recent case in this court (Goldberg agt. Roberts) an order was made for the examination of the defendants to discover if a copartnership existed among, them, a motion to vacate was denied, and an appeal was taken to the general term, which sustained the order. Hr. justice HcAdam dissented and filed an opinion on the 17th day of November, 1883. He adhered to the rule above laid down, “ that the plaintiff under the facts shown would not be entitled to a bill of discovery.” An appeal was taken to the court of common pleas, which affirmed the order of the general term of this court, but Beach, J., writing the opinion of affirmance, says: “ In this court the order has been held proper in any ease when a bill of discovery would have been upheld in equity ” (Citing 52 How., 401; 7 Daly, 238; 2 Abb. N. C., 146). While adopting the rule he questions its propriety under the existing statutes (Cites Brisbane agt. Brisbane, 27 Sup. Ct. R., 48). The order was upheld, however, upon the ground that a bill of discovery would have been maintained upon the *492 facts set forth in the case presented for review (MSS. opinion filed, in court of common pleas, March 14, 1884).
It thus appears that the line of decisions in this court and its reviewing tribunal remains unbroken in maintaining the principle that an examination will not be allowed in a case where a bill of discovery could not be maintained. A bill was never allowed to a party for the purpose of getting information as to whether he had a case, nor merely to explore his adversary’s case, or where the defendant in the bill would be compelled to disclose his own title. Nor was a bill of discovery permitted to be used for mere inquisitorial purposes, such as to ascertain the names of defendants’ witnesses, or the evidence or means by which he intended to establish his case (See, also, collated case on p. 75, 1 Civ. Pro. Rep.). I find among the collated cases in the note to Glenny agt. Stedwell (1 Abb. N. C., 327, supra), two illustrations of the rule appli- . cable to the case at bar.
“ The first is where an executrix, sued for a debt claimed to be due from her testator, applied for a bill of discovery on the ground that she knew nothing of the demand of her own knowledge, and believed it to be unjust because the creditor had taken no measures to liquidate the debt during the lifetime of her testator, &c.
'•'Held, that the bill did not contain sufficient equity to entitle the applicant to a discovery (Citing court of errors [1800], opinion by Kent, J., Newkirk agt. Willett, 2 Johns., Cases, 413; S. C., 2 Cai. Cases, 296). The other is where one was sued at law as indorser of a note and who pleaded the statute of limitations, whereupon the plaintiff applied for a discovery of the origin and ground of the consideration of the note, in order to enable him to meet the plea at law by showing a part payment within the six years.
“Meld, that the defendant was not bound to make a discovery (Lansing agt. Starr, 2 Johns. Ch., 150), and that a bill will not be allowed merely to guard against anticipated perjury (Leggett agt. Postley, 2 Paige, 602; Mora agt. *493 McCready, 2 Bosw., 669), and neither will it be allowed to discover usury (11 Wend., 329; 3 Paige, 539; 7 id., 598; 9 id., 197; 11 id., 618; 2 Jones Eq., 62).”
Applying the rules evolved from these decisions to this case, it establishes the conclusion that the examination applied for cannot be allowed. The facts shown by the affidavit are that the defendants Seabury and Davids, upon the representations of one Austin, that he could obtain the money on the note in suit among others, and would pay it to them when obtained, and if he did not he would return the notes within fifteen days, they delivered the note to Austin; that Austin neithér paid over the money nor delivered back the note; that he cannot now be found; he is charged with converting the proceeds of the note to his own use; that he passed the note out of his possession wrongfully to defendant Law and to the plaintiffs, as the defendant Davids is informed and believes to be true; that plaintiffs could have obtained this information upon inquiry of the defendants Seabury and Davis; that no value ever passed between Austin on the one hand and Seabury and Davids on the other, and that the former never had any right to pass said note out of his possession without obtaining its proceeds and paying the same over to the latter Upon these facts the applicant concludes by a desire to examine the plaintiffs and the defendant Law as to all the material allegations of the complaint respecting the manner in which said note was obtained by plaintiffs and the consideration paid for it.
If any conclusion can be arrived at as to the object for which the plaintiffs’ examination is sought by the petitioner, beyond the mere desire to have such examination (that being the only express object stated), we must assume that it is for the purpose of discovering whether the plaintiffs can maintain their cause of action, the nature and number of their witnesses, or of determining whether the plaintiffs have title to the note, or else to anticipate perjury. In no aspect of the case does the affiant bring himself within the rule entitling a party to a *494 bill of discovery. I can discover nothing beyond a mere inquisitorial investigation for the purpose of ascertaining what the adverse party will swear to, in order that the applicant may be enabled to meet or overcome it. This is not permissible (Schepmoes agt. Bousson, 1 Abb. N. C., 481 ; Chapin agt. Thompson, supra). The moving papers do not state or show that the testimony of the persons desired to be examined is material to the party making such application for the defense of the action (Code, sec. 873; cases cited in note on page 90 of 1 Civil Pro. R).
Upon the argument of the motion it was urged that the examination was desired in order to enable the applicant to frame his answer. Not only does it not appear that he is unable to do so, but it affirmatively appears that he is in possession of all the information necessary to controvert every fact alleged by plaintiffs and to put in issue the bona fides of the plaintiffs’ title. As before stated, he avers that Austin passed the notes to Law and the plaintiffs wrongfully, as he is informed, and such information he believes to be true, and that they (the parties whom applicant desires to examine) could have been informed of these facts by the affiant, if they had intended to become bona fide holders. In different language he says : “ You got the notes wrongfully, therefore have no title, and I could have given you the facts if you called upon me.” It seems to me he is possessed of all the knowledge necessary to frame his answer. If Austin passed the note wrongfully to Law, and the plaintiffs received it wrongfully, the wrongful act would vitiate the plaintiffs’ title to it, and the applicant has the knowledge of it, and as a logical sequence of such knowledge he can set up the wrong in his answer, and prima facie proof of it given by him will compel the plaintiffs to defend their title. It is shown that Austin was authorized to negotiate the note wherever he could, and the presumption of honest dealing attaches to his acts in passing the note unless the contrary is shown, and as the applicant says he Can show it, I cannot *495 conceive the necessity of calling upon the plaintiffs to aid him, and as necessity for the examination is a cardinal factor in determining the right to it, its absence alone would warrant a refusal to allow it.
I cannot discover a legal basis upon which to maintain the order.
Order will be vacated, with ten dollars costs to plaintiffs.