SHARP *against* SHARP impleaded with HARNED.

Where the widow of a deceased partner, filed a bill against the executors of her husband, for a discovery and account of the co-partnership estate and effects; and the surviving partner demurred to that part of the bill which sought a discovery, alleging that it might subject him to penalties under the revenue laws of the *United States,* but without showing how or for what cause he should incur a penalty by a discovery, the court overruled the demurrer; such a general allegation not being sufficient to bar the discovery, in the first instance.

THIS was a bill by the plaintiff, as widow of *Robert* *Sharp,* deceased, against the defendants, as executors of *Robert Sharp,* with whom the defendant *John Sharp,* was in copartnership at the time of the death of *Robert Sharp.* The bill was for a discovery and account of the co-partnership estate and effects, in which the plaintiff was stated to be interested under the will of her late husband.

*July 2d.*

The defendant, *John Sharp,* answered parts of the bill, and demurred to so much of the bill as sought a discovery of the nature and object of the trade carried on by the late copartnership, on the ground that the plaintiff had no interest therein, and that a discovery might subject the defendant to pains and penalties, under the revenue laws of the *United States.*

*Caines,* for the defendant, and in support of the demurrer.

*Griffin,* for the plaintiff.

THE CHANCELLOR overruled the demurrer, and ordered the defendant to answer. He said, that the plaintiff disclosed by her bill that she had an interest in the co-partnership property, and was entitled to a full discovery. There was nothing stated or required, that necessarily led to any forfeiture; and if such a general allegation was sufficient to

protect a party from making a discovery, it could be used as a pretext in every case. It ought to appear either by the bill, or be stated in the demurrer, why and wherefore a forfeiture would be the consequence of the discovery. In *Chauncey* v. *Tahourden*, (2 *Atk.* 392.) it was shown by the demurrer. How far it might be material or proper to disclose in much detail, the nature and objects of the commerce carried on by the house, might be a question hereafter. The defendant could not bar all inquiry, in the first instance.

Demurrer overruled.