1838.

CONANT
v.
DELAFIELD.

---

### Conant v. Delafield.

A defendant to a bill of discovery in aid of an action cannot refuse to answer merely because it would defeat his action or make him lose his demand.

And where a complainant is charged with being a nominal plaintiff at law and that the real plaintiffs became possessed of the thing or cause of action by infringing the statute, the nominal plaintiff cannot demur to the discovery which the defendant claims of him in aid of the defence.

---

MOTION to dissolve an injunction ; also, hearing on bill and demurrer.

The bill was one of discovery to aid actions at law, which had been brought by the defendant against the complainant on two notes endorsed by the latter. It appeared by the bill that these notes had been transferred by the complainant to J. R. St. John & Co. and by them transferred to the present defendant. That the actions were brought by him as the agent or trustee and in behalf of the Southern Life Insurance and Trust Company, being a company incorporated by the law of the territory of East Florida, and being a moneyed corporation incorporated with banking powers. And that the said notes were discounted by the said John Delafield, as agent or trustee for the said Southern Life Insurance and Trust Company

April 10,
1838.

Bill of discovery.
Demurrer.

VOL. III.—26

1838.

CONANT
v.
DELAFIELD.

out of the moneys belonging to the said company and placed in his hands for the purpose, directly or indirectly, in whole or in part, of being used in making discounts or of loaning or making loans or that they were received by the said John Delafield as security for a loan made by him as agent or trustee of the said company to the said J. R. St. John & Co. out of moneys belonging to the said company or by their authority placed in his hands. And the complainant insisted that, on the facts, the said loan was illegal and void by the laws of the state of New-York and especially by a law, entitled: "An act to amend the act, entitled, An act to create a fund for the benefit of the creditors of certain moneyed corporations and for other purposes, passed the second of April, 1829," which act was passed the eleventh of May, 1835. Also that he, the complainant, had a good defence to the actions as he was advised by counsel and believed, provided he could prove the said facts; but that he had no sufficient evidence, save through the discovery of the present defendant.

General demurrer.

Mr. *Van Winkle* and Mr. *D. Lord Jr.*, for the motion and in support of the demurrer.

Mr. *T. Sedgwick, Jr.*, for the complainant.

*May* 14.

THE VICE-CHANCELLOR :—It is not a ground for refusing a discovery, the object of which is to enable the party filing the bill to make his defence in a suit at law, merely because such discovery may defeat the action or subject the plaintiff in the suit at law to the loss of the debt or demand sued for. It must work a greater consequence than this to excuse him from making the discovery: such as the loss or forfeiture of something distinct or collateral to that which is sued for or the subjecting of the party to a penalty or indictment: *Sharp* v. *Sharp*, 3 J. C. R. 407; Hare on Discovery, part 3, ch. 1.

Then, is Mr. Delafield in danger of being subjected to a penalty or forfeiture or to a criminal prosecution? He is alleged to be a mere agent of the Southern Trust Company. If the case falls within sec. 3 of the act of May 11, 1835, the consequence of the unlawfulness of the act rests on his princi-

pals. The unlawfulness of the act consists in the corporation placing money, &c., in the hands of the agent for the purpose of discounting, &c. No pecuniary penalty is imposed on the agent; and if it is punishable as a misdemeanor, under the revised statutes, vol. 2, 696, sec. 39, it is not the agent or the person holding the money that is punishable: for, the holding of it is not the act prohibited, but the placing of the money in his hands.

It seems to me, it would be rather a forced construction of the statutes to say that Mr. Delafield can be in any danger personally by making a disclosure. If the suit on the notes was brought in the name of the company, and though a foreign corporation yet they can sue in our courts, Mr. Delafield, I consider, could be made to testify; and by causing the suit to be brought in his name, instead of that of his principal, the defendants ought not to be deprived of the benefit of his testimony.

The safest course, at present, is, to retain the injunction and overrule the demurrer, unless the other ground, namely, that the bill itself shows that the discovery, when made, will furnish no defence to the action at law, is well taken.

The bill, I think, is sufficient for the purpose of discovery, although it does not set out all the facts that may be necessary to show he has a good defence at law. It avers that he has such good defence, as he is advised by counsel and believes; and that he is destitute of proof without a discovery here. This is enough.

Motion to dissolve the injunction is denied, with costs; and the demurrer also is overruled, with costs.