DYKERS and another *v.* WILDER and others.

---

Although this court can compel discovery in aid of an action in a foreign court, yet it will not do so where an answer would not be available—as, for instance, against a co-defendant in the action.

---

*October 27,*
1841.

THE point in the case will be sufficiently seen in the opinion of the court.

*Pleading.*
*Discovery*
*in aid of a*
*foreign ac-*
*tion.*
*Demurrer.*

Mr. *Foote,* in support of the demurrer.

Mr. *Gerard,* for the complainants.

*January 3,*
1842.

THE VICE-CHANCELLOR :—The bill is brought up on the demurrer of Wilder alone. The three other defendants are stated in the bill itself to be residents of other states and it does not appear that they have been or can be served with process to answer the bill or have done any act within the state of New-York to subject themselves to the jurisdiction of this court, the property in question, at the same time, appearing to be situated out of this state, namely, in Massachusetts. However, the question at present is not whether the other defendants can be compelled to answer this bill : but whether the defendant, Samson V. S. Wilder, is bound to make the discovery which the bill calls for ? It speaks of relief ; but, still, the object is discovery alone to enable the complainants to remove obstacles in the way of attachment-proceedings commenced against Wilder in courts of law in the state of Massachusetts and which obstacles are a deed or conveyance of lands very lately executed .by him to Tappen of Boston and two prior attachments levied on the property of Wilder by the defendant Rockwell of Connecticut and by the defendant Stacy of Philadelphia ; all of which are alleged to be colorable only for the purpose of protecting the property of Wilder from his creditors.

The object of this discovery is evidence to be used on the

trial in Massachusetts for the purpose of setting aside the deed and the two prior attachments; but it is clear that, when obtained, it cannot be admitted as evidence. The answer of one defendant to a bill in chancery is not evidence against his co-defendant any more than the admissions of one person are evidence against another. This is a rule which must prevail every where: Gresley, 24; 3 Phillips' Evidence, *notes,* 931.

This court has jurisdiction in a proper case to compel discovery to aid a party who is prosecuting or defending an action in a foreign court: 1 Paige's C. R. 287; 2 Ib. 402; but in no case will it compel a discovery where such discovery, when obtained, will be of no avail. And, for this reason, I consider that the demurrer is well taken.

I apprehend, too, that the bill is objectionable on another ground, that of multifariousness, although I am not certain that the defendant Wilder can take advantage of it. As respects him, it may not be multifarious, but, as regards the other defendants, it may well be so considered. The defendant Tappen has no concern with the two suits of Rockwell and Stacy, nor have they any interest in his deed or with each others' suits and yet each of them is called upon to answer as to the doings of the other as well as for himself.

It is unnecessary, however, to pass upon this point now. The other view of the case affords a sufficient ground for an allowance of the present demurrer, with costs.