Goffin ; unless the defendants shall give security for payment of the complainant's debt and costs if he succeeds in obtaining a decree setting aside the assignment of 1844.

*The Mohawk Bank* v. *Isaac M. Schermerhorn et al.* J. RHOADES, for complainant; I. HARRIS, for defendants. Application to open default, and set aside decree, denied with costs.

*Lewis Curtis et al.* v. *David Leavitt, receiver &c. et al. David Leavitt, receiver* v. *Lewis Curtis et al.* B. W. BONNEY, for petitioner; G. N. TITUS, for Leavitt; W. C. NOYES, for trustees.— Order authorizing special receiver to pay the necessary counsel fees incurred in those suits which he has adopted, and carried on in the names of the trustees, out of the funds in his hands arising from any of those suits.

*In the matter of the Croton Insurance Company.* J. N. TAYLOR, for petitioner. This was an application by the receiver of an insolvent Company for leave to re-insure the risks of the corporation ; for leave to compromise claims against it; and for leave to pay the officers of the company their salaries, in full. The Chancellor decided that the officers of the institution were not entitled to any preference, in payment, over other creditors; but he directed the receiver to allow them only the amounts due to them up to the time of his appointment, as debts to be paid rateably with other creditors.

*Insolvent corporation.*

The order also allowed the receiver to compromise doubtful claims against the company, by the allowance of so much thereof as he may deem just and equitable; and to submit any such claim to arbitration, as provided for in the statute. Receiver also allowed to compromise with debtors of the corporation who are unable to pay in full, upon the receipt of a part of the amount.

So much of the application as asks for leave to re-insure the risks of the company, denied.

*John S. Taylor*, v. *Harmon Bruen et al.* W. WATSON, for appellant; A. TABER, for respondent. Appeal from an order of the vice chancellor of the first circuit denying an application to dissolve an injunction. Decided that the sixth section of the title of the revised statutes relative to unauthorized banking (1 R. S. 712) applies to foreign as well as to domestic corporations; and foreign corporations are still prohibited from keeping any office in this state for the purpose of receiving deposits or for discounting

*What amounts to an illegal keeping of an office of discount and deposit in this State by a foreign corporation.*

notes or bills. That where such a corporation authorizes one of its officers, or an agent, to attend from time to time at certain known places for the purpose of receiving deposits, or for the purpose of discounting notes or bills with the funds of the corporation, and for its benefit, such known places of attendance are to be considered as the offices of discount and deposit of the corporation illegally kept for the purposes prohibited by the statute.

A party not bound to criminate himself.

A defendant is not bound to answer or disclose any facts showing that he has been guilty of any thing for which he is liable to an indictment, or which can subject him to a penalty or forfeiture.

When agents of a foreign corporation personally liable for penalties under restraining act.

If a person, acting as the agent and president of a foreign corporation, carries on the business of discounting notes and bills in this state for its benefit, by attending at certain known places in the city of New York, with the funds of such corporation for that purpose, and discounting accordingly, he renders himself personally liable to the penalty prescribed by the seventh section of the title of the revised statutes relative to unauthorized banking (1 R. S. 712.)

Order appealed from reversed, and injunction dissolved, with costs.

*C. Flint Spear et al* v. *Charles Wardell et al.* S. P. NASH, for complainants; H. F. CLARK, for defendants. This case came before the court upon an application by the defendant H. B. Wardell to dissolve an injunction; and upon a cross motion on the part

Rights of an assignee under non-imprisonment act.

of the complainants for the appointment of a receiver. The Chancellor decided that the assignee of a debtor's property under the 16th, 17th and 18th sections of the non-imprisonment act of April 1831 takes such property as a trustee for the benefit of all the creditors of the assignor rateably; and not for the benefit of the particular creditor who has sued out a warrant against the assignor; or even for the particular class of creditors who were in a situation to sue out a warrant against him. In other words the act is based upon the principle that equality among creditors, in the

During the pendency of proceedings against a debtor for fraud, under the act of April, 1831, he cannot give preferences.

case of an insolvent debtor, is equity. And the fraudulent debtor, pending the proceedings against him by one or more creditors for an actual or intended fraud, is not permitted to assign or dispose of his property, or any part of it, for the purpose or with a view to give a preference to other creditors. But he is to be discharged from imprisonment upon paying or securing the payment of the