CULLISON AND WIFE ⎫
    vs. ⎬ September Term, 1847.
JOHN BOSSOM ET AL. ⎭

[demurrer—discovery—amendment.]

Upon a demurrer to a bill, because it sought to compel the defendants to a disclosure of their titles, Held—

That the right of a plaintiff in equity to the benefit of the defendant's oath, is limited to a discovery of such material facts as relate to the plaintiff's case; and does not extend to a discovery of the manner in which, or the evidence by means of which, the defendant's case is to be established.

Where there is a privity shown to exist between the title of the plaintiff and defendant, that privity may give him the right to call for an exposure of the defendant's title; but unless such connection is shown, he has no such right, whether the bill be for discovery only, or for discovery and relief.

The title of the plaintiffs not appearing to be at all dependent upon, or connected with, that of the defendant, the demurrer was ruled good.

Allowing a demurrer to a whole bill, in strictness, puts it out of court, and no subsequent proceedings can be taken in the cause; yet, the court has sometimes permitted an amendment of the bill to be made.

[This case was brought before the court on a demurrer to the bill—the arguments of the solicitors for the parties, having been submitted to the Chancellor in writing.

The bill was filed by the grand-daughter of Daniel McComesky, deceased, and her husband, against the defendants, stating that the latter professed to claim a portion of the lands of the deceased, through one of his devisees, also deceased. After tracing the title of the female complainant as one of the heirs at law, as well to the deceased testator, as to his devisee, through whom the defendants claim, the bill prays that "the defendants may answer the premises as fully as if again thereto especially interrogated, and may state particularly by what title, or titles, or writings, they severally claim to be entitled to any part of said estate, and may produce all and every such writings, or titles." The bill further prayed, that the lands might be sold and a distribution made of the proceeds; and for further relief.

Those of the defendants who did not disclaim all interest in

the cause, demurred, amongst other things, to this prayer of discovery; on the ground, that the complainant had no right to compel the defendants to a disclosure of their titles.]

THE CHANCELLOR:

It seems to be the well established rule of the court, that the right of a plaintiff in equity to the benefit of the defendant's oath, is limited to a discovery of such material facts, as relate to the plaintiff's case, and does not extend to a discovery of the manner in which, or the evidence by means of which, the defendant's case is to be established, or to any discovery of the defendant's evidence. 1 *Daniel's Prac.*, 645, 646.

If, to be sure, there is a privity shown between the title of the plaintiff and defendant, that priority may give him the right to call for an exposure of the defendant's title; but unless such connection with his own title is shown, he has no right to call for a discovery, or production of the title of his adversary; and this, whether the bill be for discovery only, or for discovery and relief. *Story's Eq. Pl.*, sec. 572; *Daniel's Prac.*, 647.

The rule as laid down by Judge Story is, "that a party has no right to any discovery, except of facts and deeds, and writings necessary to his own title, or under which he claims; for he is not at liberty to pry into the title of the adverse party." 2 *Story's Equity*, sec. 1490.

Upon an examination of this bill, I am of opinion, that there is not that immediate connection and privity, if indeed there be any, between the titles of these plaintiffs and defendants, as warrants an application for the production or discovery of the title of the latter. The title of the plaintiffs is stated distinctly, and does not appear to be at all dependent upon or connected with that of the adversary, and, therefore, it seems to be an attempt without necessity, to pry into the title of the latter, *in opposition* to the fixed rule upon the subject. The bill does not allege that the plaintiff's title is at all *complicated* with, or at all dependent upon, that of the defendants; or that the former will have any difficulty in establishing their right, without an exposure of the title of those from whom the discovery is sought;

and, therefore, I think the bill, so far as the discovery is concerned, cannot be maintained, and that the demurrer must be ruled good.

In strictness, the allowing a demurrer to the whole bill, puts it out of court, and no subsequent proceeding can be taken in the cause ; yet there are cases in which the court has afterwards permitted an amendment of the bill to be made. *Daniel's Prac.*, 669 ; *Alexander's Prac.*, 58.

This bill will, therefore, be retained, to give the plaintiffs an opportunity of amending it, if they think proper.

It is, thereupon, this 12th day of November, in the year 1847, adjudged and ordered, that the demurrer to the discovery of the defendant's title, sought by this bill, be, and the same is, hereby, ruled good, and that the defendants recover from the plaintiffs their costs to be taxed by the Register ; but this bill is retained with liberty to amend, as the plaintiffs may be advised.

[No appeal was taken from this order.]