## B. & S. WAKEMAN *vs.* BAILEY and DAVIES.

It s useless and improper to make the counsel of a person a party to a mere bill of discovery as to papers alleged to be in his possession; even if the matters inquired of by the bill could be properly disclosed by the counsel, if called as a witness against his client.

In ordinary cases, it is only necessary to call upon the client to answer as to the contents of the deeds or papers of which a discovery is sought; alleging that they are in his hands or in the hands of his attorney or counsel, and thus within his power. And the court, in the absence of any allegation to the contrary, will presume the client can obtain the actual possession, himself, by a proper application to his attorney or counsel.

Should that not be the case, however, the proper course is to make the bill of discovery against the client a bill for relief against him and his attorney or counsel, by charging that the latter will not deliver the deed or paper to his client, or permit him to examine it for the purpose of setting out its contents in an answer; or that the client alleges such to be the fact; and therefore praying that the defendants may not only discover whether the deed or paper is in the hands of the attorney or counsel, but that if it is in the hands of the latter he and his client may be ordered to produce it, or that the attorney or counsel may be ordered to produce it to his client, so that the latter may set it forth in his answer.

A party being bound, in the court of chancery, upon a bill of discovery, or for discovery and relief, to produce or discover the contents of deeds and other papers material to the prosecution or defence of the rights of the adverse party, that court, upon a bill properly framed, will give similar relief where the deeds or other papers are alleged to be in the possession of the party's attorney or counsel.

THIS was an appeal from a decretal order of the vice chancellor of the first circuit, allowing the demurrer of H. E. Davies, one of the defendants, to the bill of discovery filed in this cause. The complainants and B. Vail, who subsequently died, were copartners in trade in 1834, and as such copartners had a debt against the defendant Bailey for goods sold to him. After the death of Vail, the complainants brought a suit in the supreme court to recover that debt; in which suit Bailey gave notice that he would set off a certain draft or treasury warrant upon the Manhattan Company, received of him by Vail, and as the defendant alleged, for himself and the complainants as copartners. That suit was referred. And upon the hearing, before the referees, H. E. Davies was the counsel for the defendant Bailey; and the principal question then in controversy between the parties to that suit was whether the draft or treasury war-

rant was passed to Vail upon his own account or as one of the copartners, for the use of the firm ; it having been credited to Bailey upon the copartnership books.   The referees reported in favor of the complainants; which report was afterwards set aside and a new trial granted.  Upon the hearing before the referees it appeared that when Vail received the draft, or treasury warrant, he gave to the defendant Bailey therefor a note, or due bill, or a certificate, or some other voucher, signed with the individual name of Vail; which written instrument Bailey or his counsel was requested by the complainants to produce before the referees, but he declined doing so.  After the granting of the new trial, the complainants applied to a judge and obtained an order, requiring Bailey to make a discovery of the paper, signed by Vail, by producing and depositing the same with one of the clerks of the supreme court.  But that order was subsequently revoked, upon the affidavit of Bailey that such paper was not in his possession or under his control.

The complainants thereupon filed their bill of discovery, in this cause, stating these facts, and alleging further that the production of the paper signed by Vail, or a discovery of the exact terms and contents of the same, was material and neces sary to enable them to prepare for the trial of their suit in the supreme court; and that without the aid of this court they would not be able, on the trial of that cause, to establish the precise form, nature and import of such paper.  They also stated, upon their belief, that the paper in question, if it was not in the actual possession of Bailey, was in the possession or under the control of the defendant Davies; or that it was so, or within his knowledge and reach, at the time when the complainants applied to the judge for an order to compel a discovery and production thereof by Bailey ; and that if it was not in the possession of Davies at the time of filing the bill in this cause, he knew where the same then was, and how or where or from whom it could be obtained.  The complainants therefore prayed for an answer to their bill from both of the defendants, except that the defendant Davies was not required to discover or set forth the contents of the paper, any further than might be ne-

cessary to describe and identify it. They further prayed that Bailey might produce or discover the contents of the paper; and that if either of the defendants should deny that he had the possession of the same, or the control thereof, he might discover and set forth when, where, or in whose hands he last saw the same, whether it was or had been in his possession, and how long, and when he parted with or last heard of the same; and that Davies might discover whether he had made any search, inquiry or examination for the said paper, &c. But the bill contained no prayer for relief, being a bill of discovery merely.

The defendant Davies demurred to so much of the bill as required him to discover whether the paper in question was in his possession or under his control at the time of filing the bill, or at the time of the institution of the proceedings against Bailey for a discovery before the judge, or whether he knew where it was at the time of filing the bill, &c. or whether it was in the possession of Bailey, and whether Davies had not had the same in his possession, &c. And he stated as special grounds of demurrer, that the discovery sought would be a breach of professional confidence; that he was a mere witness, and could not be called upon to answer a bill of discovery; and that the joining him in the bill of discovery against Bailey was unnecessary and improper.

*A. P. Man*, for the appellants. It is, the practice of this court to make an attorney or counsel party to a bill of discovery where he has withheld from his client and co-defendant papers required to be produced or discovered. (*Hare on Discov.* 171. *Fenwick* v. *Reed*, 1 *Mer.* 123. *Wright* v. *Mayer*, 6 *Ves.* 280.) It is also the practice of this court to compel an attorney or counsel to answer as to the existence of a paper of which discovery is sought, and as to its custody and where he last saw it. We do not require him to produce it, or to disclose its, contents. (*Hare on Discov.* 171, 172. *Kingston* v. *Gale, Rep. Temp. Finch*, 259, 260. *Rothwell* v. *King, and Stanhope* v. *Nott*, 2 *Swans.* 221, *note a.*) The ends of justice require that this discovery should be made; and if made it will

be effectual to the complainants, for upon a motion that the defendant Bailey produce the paper, the admission of his counsel as to the possession of it will be treated as the admission of the client. (*Hare on Discov.* 173. *Wright* v. *Mayer*, 6 *Ves.* 281. *Fenwick* v. *Reed*, 1 *Mer.* 126,) The discovery now sought cannot be obtained at law, for a court of law will not compel counsel to produce the paper or disclose its contents; and testimony of its existense and custody will then be too late to be of any use. (6 *Vesey, Boston ed. p.* 280 *a, note a, and authorities there cited.*)

*H. E. Davies*, for the respondent. The discovery sought of the defendant Davies involves a breach of professional confidence, and which he cannot make without a disclosure of the communications made to him as counsel by the defendant Bailey. (*Story's Eq. Plead.* § 599 *to* 602. *Greenough* v. *Gaskell*, 1 *Myl. & Keene*, 98. *Braid* v. *Ackerman*, 5 *Esp. Rep.* 119. *Wright* v. *Mayer*, 6 *Ves.* 280.) If it was competent for the defendant Davies to make such discovery, he could be examined as a witness in said suit at law, and the aid of this court is not necessary. (*Story's Eq. Pl.* §§ 323, 519. *Howe* v. *Best*, 5 *Mad.* 19. *Many* v. *Beekman Iron Co.* 9 *Paige*, 188, 193.) The discovery could be had at law, and after trial there and decision thereon, that decision cannot be reviewed in this court.

It is nowhere averred in the bill that the facts of which discovery is sought could not be proved by witnesses.

·THE CHANCELLOR. It was useless and improper to make the counsel of Bailey a party to a mere bill of discovery, even if the matters inquired of by the bill could be properly disclosed, by the respondent, if called as a witness against his client. It is true the case of *Kingston* v. *Gale*, (*Rep. Temp. Finch*, 259,) and several other early cases before Lord Nottingham, referred to in the note to *Parkhurst* v. *Lawton*, (1 *Swanst. Rep.* 221,) appear to have been bills of discovery merely, if they are correctly reported. But I can see no possible benefit the complainant could derive from a mere discovery from an attorney

Wakeman v. Bailey.

in such a case; inasmuch as his answer could not be read in any suit or proceeding between the complainant and his client; the attorney being a mere witness. In ordinary cases it is only necessary to call upon the client to answer as to the contents of the deeds or papers of which a discovery is sought, alleging that they are in his hands or in the hands of his attorney or counsel and thus within his power. And the court, in the absence of any allegation to the contrary, will presume the client can obtain the actual possession himself by a proper application to his attorney or counsel. But should that not be the case, the proper course is to make the bill of discovery, against the client, a bill for relief against him and his attorney or counsel: by charging that the latter will not deliver the deed or paper to his client, or permit him to examine it for the purpose of setting out its contents in an answer, or that the client alleges such to be the fact. And therefore praying that the defendants may not only discover whether the deed or paper is in the hands of the attorney or counsel, but that if it is in the hands of the latter he and his client may be ordered to produce it; or that the attorney or counsel may be ordered to produce it to his client, so that the latter may set it forth in his answer. Such appears to have been the opinion of Lord Eldon in the case of *Fenwick* v. *Reed,* (1 *Meriv. Rep.* 123.) In the analogous case of a feme covert who was in possession of vouchers, belonging to her husband, of which a discovery was sought, Lord Eldon allowed the demurrer of the wife as to the discovery sought from her; no relief being prayed against her. (*Le Texier* v. *The Margravine of Anspach,* 15 *Ves.* 164.) The lord chancellor in that case said he expressed no opinion as to what would have been the effect of a prayer in the bill that the wife produce the vouchers. But I have no doubt that upon a bill properly framed, alleging that she had the vouchers and would not deliver them to her husband, and that he could not obtain them to produce them in the cause, and praying that she might discover and produce them, the court would have compelled an answer from her, to prevent a failure of justice; and if she admitted the vouchers to be in her possession, or under

her control, would have compelled her and her husband to produce them.

It is true an attorney, upon the trial of a cause to which he is not a party, cannot be called upon to produce a deed which was intrusted to him by his client; or to give evidence of the contents thereof as against his client. But he may be examined, as a witness, to prove the fact that it is in his possession; so as to enable the adverse party to give evidence of its contents, by others. (*Brandt* v. *Klein*, 17 *John. Rep.* 335.) The reason why he cannot be compelled to produce the deed on the trial, under a subpœna *duces tecum*, is because the privilege is the privilege of his client. But if the client himself were bound to produce the deed, on the trial, then it would no longer be his privilege to have his attorney withhold it for him; and the attorney would be bound to produce it, on the subpœna, and under the order of the court, made upon his client, at the trial. And as the client is bound, in this court, upon a bill of discovery or of discovery and relief, to produce or discover the contents of deeds and other papers, material to the prosecution or defence of the rights of the adverse party, the court, upon a bill properly framed, will give similar relief; so that no perverseness on the part of the attorney, in refusing to deliver the papers to his client, or any collusion between them, shall prevent the adverse party from obtaining the benefit of a discovery.

But as this bill was not only defective in not containing proper averments as to the withholding of the paper in question from the client, or that the client alleged that it was so withheld, but was also defective in not stating that the paper, if produced, would show that the treasury draft or warrant was received on the individual account of Vail, and not as one of the members of the firm, so as to show that it was material in resisting the set-off claimed, and as no relief, by the production of the paper, was prayed against the respondent, the demurrer was properly allowed by the vice chancellor.

The order appealed from must therefore be affirmed with costs.