CASE 63—PETITION EQUITY—SEPTEMBER 29.

# Ecklar, &c., vs. Galbreath.

### APPEAL FROM HARRISON CIRCUIT COURT.

The party answering interrogatories may, on the trial of the action, read his answers as a deposition. ( *Civil Code, sec.* 167.)

W. W. TRIMBLE, For Appellants,

CITED—

*Story on Partnerships, sec.* 390.

7 *B. Mon.,* 610 ; *Simrall vs. O'Bannon.*

1 *Dana,* 306; *Simpson vs. Hawkins.*

7 *Mon.,* 457 ; *Tribble vs.* ————.

J. S. BOYD, For Appellee.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

Benjamin Galbreath and Joseph Lail had been partners in the manufacture of whisky, had failed, and the firm was insolvent; but Lail being indebted to Galbreath, the latter had recovered a judgment for his debt, had an execution directed to the proper officer against the estate of Lail, which had been returned no property found.

Galbreath then brought this action to subject a fund in the hands of Lilly, belonging to his said debtor, to the payment of his demand.

In a few days after Galbreath brought said action against Lilly & Lail, he assigned his debt to James P. Galbreath, who then, by petition, became a party, and filed his assignment, purporting to be for a valu-

able consideration in the case, as a part of his pleading.

Subsequent to the institution of said action by B. Galbreath against Lilly & Lail, and the date of his assignment to J. P. Galbreath, Ecklar & Trimble, creditors of the late firm of Lail & Benj. Galbreath, with judgments and executions returned by the proper officer no property found, instituted separate actions against Jos. Lail and Lilly, to subject the fund in the hands of Lilly to the payment of their debts.

The three actions were consolidated; but Trimble & Ecklar did not, by any pleading, make P. Galbreath a defendant to their actions, nor controvert or litigate the claims of the Galbreaths to the fund in Lilly's hands, which was insufficient to pay all the debts.

Joseph Lail filed an answer, in which he did not controvert his indebtedness to B. Galbreath, but attacked the assignment thereof to J. P. Galbreath, as having been made without consideration, and with the fraudulent design to prevent the creditors of himself and B. Galbreath from applying it to the payment of their debts, and made it a cross-petition against the Galbreaths, annexing certain interrogatories thereto. In their reply to this cross-petition, they traverse the material allegations thereof. They also answer the interrogatories, and deny that the assignment was made with any fraudulent intent, and say that the consideration therefor is truly set out in the written transfer, which is recited to be one thousand dollars. No other evidence was offered, and the court below adjudged that the fund in the hands of Lilly should be applied first to the payment of the debt to Galbreath; and of that judgment Ecklar and Trimble complain.

Even if the allegations and prayer of Joseph Lail were sufficient to authorize the appropriation of the

money to the debts of appellants, notwithstanding their failure to litigate the matter with appellees, which we very much question, still the alleged fraud was disproved by the answers to the interrogatories of Joseph Lail, and the consideration nominated in the writing proved, which answers appellees had a right to use as a deposition. (*Section* 167, *Civil Code.*) There was, therefore, no escape from the conclusion of the circuit court.

Wherefore, the judgment is *affirmed*.