## Case No. 6,307.

### HEATH et al. v. ERIE RY. CO. et al.

### ERIE RY. CO. et al. v. HEATH et al.

[9 Blatchf. 316.] [1]

Circuit Court, S. D. New York.   Jan. 16, 1872.

CROSS BILL—NATURE AND SERVICE—SUBSTITUTION OF PARTIES FOR PURPOSE OF SERVICE—DISCOVERY—INTERROGATORIES.

1. The bill in the first cause was an original bill. The bill in the second cause was a bill for discovery and relief, and denominated itself a cross bill. The relief prayed in it was, that certain releases and proceedings might be declared to be a bar to any further proceedings in the first cause, and that the bill in that cause might be dismissed, and that an injunction might issue restraining the prosecution of any suit involving the questions covered by such releases and proceedings. The discovery prayed was as to whether such proceedings did not take place, and as to whether the agent of the defendants in the second cause was not present when such proceedings took place. The releases were given, and the proceedings took place, after issue was joined in the first cause. The defendants in the second cause being aliens, and out of the jurisdiction of the court, and being the plaintiffs in the first cause, the plaintiffs in the second cause, who were the defendants in the first cause, moved, that the subpoena to appear and answer in the second cause be served on the solicitors for the plaintiffs in the first cause, and that the proceedings in the first cause be stayed until the cross bill should be answered. In reply to the motion, such solicitors tendered a stipulation, withdrawing their replications to the answers in the first cause, and permitting such answers to be amended by setting up therein the matters of the cross bill not contained in such answers, or supplemental answers to be filed, setting up such matters: *Held,* that such stipulation made the cross bill unnecessary, as to its prayer for relief, except so far as it prayed for an injunction; that, in that respect, it was an original bill; and that the substituted service asked for could not be made in an original suit.

[Cited in Kountze v. Cargill (Tex. Sup.) 25 S. W. 14.]

2. *Held,* also, that there was no allegation in the cross bill that it was material the plaintiffs should have the discovery asked; and that, if there were, the discovery was unnecessary, in view of the act of July 6, 1862, § 1 (12 Stat. 588), and the act of July 2, 1864, § 3 (13 Stat. 351), permitting parties to be witnesses.

[Cited in Drexel v. Berney, 14 Fed. 268.]

3. The theory and basis of a bill of discovery in equity, in aid of a defence in another suit, is, that the court in which such other suit is pending has no means of compelling a discovery from the plaintiff therein, of facts material to the defence.

[Cited in Markey v. Mutual Benefit Life Ins. Co., Case No. 9,091; Rindskopf v. Platto, 29 Fed. 132.]

4. The motion was denied, but the benefit of the stipulation tendered was given to the defendants in the first cause.

5. If the defendants in that cause choose to examine the plaintiffs therein by commission, the court can require that the plaintiffs answer fully all interrogatories put to them, or else debar them from the benefit of their suit.

[Cited in Jacksonville, T. & K. W. Ry. Co. v. Peninsular Land, etc., Co. (Fla.) 9 South. 665.]

[Motion by complainant, the Erie Railway Company, that the subpoena to appear and answer to a cross bill filed by it against John Benjamin Heath and seven others (who were complainants in a bill filed in Case No. 6,306) might be directed to be served upon their solicitors, the proper parties being aliens, and out of the jurisdiction.]

David Dudley Field and Dudley Field, for the motion.

William M. Evarts and Charles F. Southmayd, opposed.

BLATCHFORD, District Judge. The bill in the second cause, so far as it sets up matters which are alleged to have transpired since the answers to the bill in the first cause were put in, sets up matters which appear to be particularly within the knowledge of the plaintiffs in the second cause, and not at all within the knowledge of the defendants in that cause, except as to one point. The holding of the annual meeting of the stockholders of the company, on the second Tuesday of October, 1871, the laying before that meeting of the report of an investigating committee, and of the releases executed by the company, and of the declaration of trust and agreement executed by the other plaintiffs in the second cause, the adoption by the meeting of a resolution of ratification, the election of directors, and the subsequent execution of a release by the company to the other three plaintiffs in the second cause, are not matters of which it is pretended the defendants in the second cause know anything. The bill alleges that, at such meeting of stockholders, one John Swann was present; that said Swann is the agent and attorney in fact of the defendants in the second cause, and of all the stockholders of the company who are acting in concert with them; and that Swann was, at the time of the meeting, in possession of powers of attorney or proxies empowering him to vote at such meeting on behalf of each and every one of the defendants in the second cause.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

The bill in the second cause prays for a discovery from the defendants therein, as to whether such proceedings, acts and resolutions were not had at the stockholders' meeting; as to whether Swann was not present at such meeting, when such resolutions were passed; and as to whether Swann was not and is not the agent and attorney in fact of such defendants, and employed by them, as such, to carry on the first cause, and authorized and empowered by them to vote in their names at such meeting.

The bill in the second cause also prays for relief, namely, that such releases and proceedings may be established and declared by this court to be a full and sufficient bar to any further proceedings, by the defendants therein and all other stockholders of the company, in the first cause, and that the bill in the first cause may be dismissed, and that the defendants and all other stockholders of the company may be enjoined from prosecuting any suit involving the questions disposed of by the action of the stockholders at such meeting.

As a foundation for these prayers, the bill in the second cause, which denominates itself a cross bill, avers, that issue was joined in the first cause on the 2d of September, 1871; that no witnesses have been examined in it, and the time for taking proofs in it has not expired; that the defendants threaten and intend to proceed in it, and to bring it on for hearing in due course, and pretend that no such releases were executed, or that, if they were executed, they are not valid and binding on the defendants; that such releases were properly granted and duly executed by the company, and, with such proceedings, constitute a good bar in equity to the first cause; and that, under the circumstances, the plaintiffs are unable to put such proceedings in issue or to use the same as a plea in bar in the first cause.

The defendants in the second cause being all of them aliens, and none of them being found within the jurisdiction of this court, the plaintiffs in that cause, who are the defendants in the first cause, move that the subpoena for the defendants in the second cause, who are the plaintiffs in the first cause, to appear and answer, may be directed to be served on the persons who are the solicitors for the plaintiffs in the first cause; and that the proceedings in the first cause may be stayed until the bill in the second cause is answered. In answer to this motion, the solicitors for the plaintiffs in the first cause tender to the defendants therein a written stipulation, entitled therein, in these words: "In order to obviate any necessity for a cross bill herein, the plaintiffs hereby offer, by stipulation, to withdraw their replications to the defendants' answers, and permit the defendants, within fifteen days from this date, to amend such answers, by setting up therein such of the matters of the cross bill as are not already contained in the answers, or, if the defendants so prefer, to allow them to file supplemental answers, setting up such matters."

The stipulation tendered makes the bill in the second cause unnecessary, so far as it prays that the releases and proceedings set up may be established and declared to be a bar to any further proceedings in the first cause, and that the bill in the first cause may be dismissed. So far as the bill in the second cause prays that the defendants therein, and all other stockholders of the company, may be enjoined from prosecuting any other suit involving the questions alleged to have been disposed of by the action of the stockholders at the meeting referred to, the bill is not a cross bill, but is an original bill. The substituted service asked for cannot be made in an original suit.

So far as the bill in the second cause is a bill of discovery, there is no allegation that it is material that the plaintiffs should have the discovery. If there were, and if the bill were purely a bill of discovery, and not a bill for discovery and relief also, it would be wholly unnecessary, in the present state of the law. By the act of July 6, 1862, § 1 (12 Stat. 588), the laws of the state of New York are made the rules of decision, as to the competency of witnesses, in this court, in trials in equity. By the laws of New York, the plaintiffs in the first cause could be examined as witnesses by the defendants therein, if that cause were pending in a court of the state. So, also, by the act of July 2, 1864, § 3 (13 Stat. 351), it is provided, that, in the courts of the United States, there shall be no exclusion of any witness in civil actions because he is a party to or interested in the issue tried. So far as the bill in the second cause seeks the discovery of any facts resting in the knowledge of the defendants, it is unnecessary, for the discovery can be had by an examination of them in the first cause. The theory and basis of a bill of discovery in equity, in aid of a defence in another suit, is, that the court in which such other suit is pending has no means of compelling a discovery from the plaintiff therein of facts material to the defence. I do not deem it a proper exercise of discretion, in these cases, to direct the substituted service asked for, or to stay proceedings in the first cause till the bill in the second cause is answered. But the defendants in the first cause may have the benefit therein of the stipulation tendered them by the plaintiffs therein, and, if the defendants in that cause choose to examine the plaintiffs therein by commission, the court can require that the plaintiffs answer fully all interrogatories put to them, or else debar them from the benefit of their suit.

[NOTE. In Case No. 4,513, a motion was granted for an attachment against Jay Gould, the president of the Erie Railway Company, for contempt of court, in refusing to produce certain books and documents. In Case No. 4,514, sundry questions in a petition for relief on account of certificates of stock abstracted by said

Jay Gould were answered by the court, and a motion by the company to open a default taken was denied. In Case No. 4,515, a petition by said Jay Gould to take proof of the title to said stock was denied, and an order for the suspension of the delivery of certain shares to Heath and one Raphael was vacated. In Case No. 4,516, the compensation of the master was fixed by the court.]