The CouPuT (opinion by Folgeb, J.)
held as stated in head-note.*
Note oh Examination before Trial.
The court of appeals, in King v. Leighton, 58 N. Y. 888, held that the power to examine the adverse party thus given, was only a substitute for the remedy by bill of discovery, and therefore did not allow examination for purposes of a motion. S. P., Carr v. Great W. Ins. Co., 8 Daly, 160 ; Burnett v. Snyder, 41 Super. Ct. (J. & S.) 847. In the present case, they hold that it is a full substitute, intended to afford the same benefits which were allowed by the courts of equity through such a bill. If, then, the remedy is preserved and not enlarged, the principles which guided courts of equity in granting or refusing discovery will illustrate the cases in which the court *333 should now, in the exercise of a sound discretion, require a party to submit to such examination.
The other view taken of this question is that the law not only gives the court power to compel a discovery, but gives a party the light to require it in every action pending. It has been urged on the ground of the act of 1847 (3 R. S. 6th ed. 653, note), and 3 R. S. 6th ed. 663, that the court must grant the order, on the production of an affidavit to the specified facts.
The bill of discovery in chancery was - an application to chancery to compel a party to a suit at law to disclose matters within his knowledge or his powers of informing himself, and material to the applicant’s prosecution of his action or defense. In general, the courts .of chancery used this process to enable the applicant to prove his case: not to get information as to whether he had a case, much less to explore his adversary’s case. They proceeded, not on the ground that a party was entitled to know his adversary’s evidence (except incases of trust, agency, &c., where the relation of the parties made concealment inequitable), but upon the ground, that the common law rule forbidding a party to call his adversary asa witness before the jury would work injustice in the class of cases where a party had no other competent and reasonably convenient means of proving facts which his adversary knew.
Originating under these conditions there grew up a tolerably well defined system of rules, not, however, entirely harmonious in some details, as to the cases in which a party to a suit at law, or one who it was expected might be a party to an intended suit, could properly be compelled to make discovery. These rules, particularly as administered in this State, are illustrated in the following decisions. See also 3 Story’s Eq. Jur. §§ 1483-1503.
The ordinary case of a mere bill of discovery was where it was filed by a party to a suit actually pending at law. But it was sometimes allowed for the purpose of a contemplated action ; and the case in our text, so far as the application sought discovery of the names of persons to be joined as parties, partook of that nature.
The result of the cases in chancery on bills for a discovery to enable plaintiff to commence a suit at law is that they were generally sought by one who alleged a good cause of action, but was ignorant as to which of several persons was liable thereon; and in such a case, if the cause of action sounded in contract, and was not a pure tort, the bill could be sustained. Angelí v. Angelí, 1 Sim. <& 8t. 83.
Consequently it was rather in the nature of a bill to examine a witness as to who was a proper party than a bill to examine the party about to be sued.
*334 Thus a bailor of goods which were lost by negligence of the bailee’s servants, could maintain a bill for discovery of the names of those who were liable as bailees,—e. g., part owners of the vessel by which the goods were carried,—in order to enable them to sue them. Morse v. Buckworth, and Heathcoate v. Fleete, 2 Vern. 443, 442. But the court concede that it would be otherwise in an action not founded on privity of contract between the parties.
If the complainant filed his bill in order to enable him to declare in an action, it was not necessarily an objection that an action had not been actually commenced. It would be granted if discovery was necessary in order to draw the declaration. Moodalay v. Morton, 1 Bro. C. C. 469 ; S. C., less fully, 2 Dick. 652.
Lord Habdwicke’s declaration (2 Ves. Sr. 494) that he would not compel evidence for some future cause at law was made not in reference to a specific action shown to be intended, but to the general suggestion that the discovery sought was material because it might avail in some action. The mere assumption that an action might be brought was not enough ; and the discontinuance of the action once brought was fatal. 4 Sim. 263.
For a collection of cases in which discovery was sought to enable complainant to frame his declaration at law,—see Roche v. Farran, 12 N. Y. Leg. Obs. 121; Wolf v. Wolf, 2 Harr. & G. 382. And see Pease v. Pease, 8 Metc. 395.
It may be observed here that a special proceeding is given by 2 B. S. 343, to discover the death of any person on whose life any particular estate in lands depends.
Passing from this class of cases to those where the discovery was sought in aid of a pending suit, the primary general rules were:—
Mrst, that discovery was not allowed for the purpose of informing the complainant whether there was a case or defense, but for the purpose of securing competent proof of a case or defense which he alleged he had. ■ ?
It was a fundamental principle, that to enable one to claim discovery.he must show an interest in the subject matter capable and proper to be judicially indicated. This doctrine was not an arbitrary or artificial rule or pleading, but was founded on public policy. “Its object,” said Senator Yebplanck, in a real property case in the court of errors (20 Wend. 486) “is to discountenance and check vexatious litigation, and preserve the quiet of society by protecting old possessions with all the complicated interests commonly dependent upon them, from the assaults of speculative and privateering adventurers, by withholding from such claimants that aid which it is the office of equity to afford to the fair suitor seeking only for the legal *335 evidence of Ms probable rights.” “I hold it ” he adds, “important for the general interests of society to place it upon its strongest ground, as well as to apply it strictly and rigidly.”
A bill which merely amounts to this;—that we are sued at law, we do not know on what grounds, we believe from plaintiff’s conduct that he has no ground, and therefore we ask a discovery, is a mere Ashing bill. Complainant must state some matter of fact material to his case, which he wishes to substantiate by the confession of defend^ ant.
Thus, where an executrix was sued for a debt claimed to be due from her testator, and applied for a bill of discovery on the ground that she knew nothing of the demand of her own knowledge, and believed if to be unjust because the creditor had taken no measures to liquidate the debt in the lifetime of her testator, and had not produced any vouchers, and had made inconsistent statements; Held, that the bill did not contain sufficient equity to entitle the applicant to a discovery. Ct. of Errors, 1800, opin. by Kent, J., Newkirk v. Willett, 3 Johns. Cas. 413; S. C., 3 Cai. Cos. 396.
So where one, who was sued at law as indorser of a note, pleaded the statute of limitations, and the plaintiff applied for a discovery of the origin and ground of the consideration of the note, so as to enable him to meet the plea at law by showing a payment within the six years ; held, that the defendant was not bound to make the discovery. Cases in Chancery, 1816, Kent, Chan., Lansing v. Starr, 3 Johns. Ch. 150.
So where the object of the bill was not to prove the facts of the plaintiff’s case but to get particulars of the grounds of a claim of set-off interposed by defendant, and the vice-chancellor sustained the bill (3 Edw. Ch. 480) Chancellor Walwobth reversed the decree, saying that such a rule would open the door to every person who is sued at law to Ale a bill of discovery calling upon his adversary to state the grounds of his claims, instead of applying to the court of law for the particulars of the plaintiff’s demands against him, which bill of particulars the courts of law always direct to be given, so far as is necessary for the purpose of enabling t\ie defendant to know what the precise nature of the claim of his adversary is. 1843, Lane v. Stebbins, 9 Paige, 635.
The defendant in two suits at law brought by the same plaintiff in the N. T. superior court, one in trover, the other in assumpsit, obtained a bill of particulars in the latter suit, but applied for a further bill of particulars, which was refused. He thereupon applied to the supreme court for a discovery to enable him to prepare for his defense. Held, that it was a mere Ashing bill, and should not be granted. *336 Sup’m Ct., 1847, Sp. T. opin. by Harris J., Nieury r. O’Hara, 1 Barb. 484. .
Where the complainant alleged that defendant as plaintiff at law relied on certain allegations of the existence of matters peculiarly within his knowledge, which complainant charged did not exist; held, that discovery was not allowable to prove the non-existence of such matters, for this would be resorting to it merely to guard against anticipated perjury. 1831, Liggett v. Postley, 3 Paige, 603. S. P., Mora v. McCredy, 3 Bosw. 669 ; Allen v. Kyle, 1 Phila. 37.
So too the interrogatories allowed by the Massachusetts act of 1853 in lieu of discovery do not extend to matters in support of the case of the interrogated party. Wilson v. Webber, 3 Gray, 558.
On the other hand, however, where the situation of the parties was such that disclosure was a duty, the bill could be sustained for the sake of acquiring information as to facts of which complainant professed himself ignorant.
“A fishing bill, in the objectionable sense,” said Mitchell, J., in Carroll v. Carroll, 11 Barb. 398, “is one in which the plaintiff shows no cause of action, and endeavors to compel the defendant to disclose one in the plaintiff’s favor.” A bill which shows a right to an accounting is not objectionable as a fishing bill because it avows ignorance of the exact amounts the defendant as executor has received. That is a matter peculiarly within the latter’s knowledge, and which the plaintiff for that reason has a right to “fish out” of him, by a prayer for discovery.
So one who is shown to be a stakeholder,—e. g., an auctioneer,— may be compelled to discover the details as to the fund. V. Ch. Mc-Coun, 1831, Schmidt v. Dietericht, 1 Edw. Ch. 120.
So in a bill by the creditor of a decedent to reach lands descended to heirs, he may have a discovery of lands descended other than those known, and specified in the bill. 1838, Parsons v. Bowne, 7 Paige, 354. .
Thus where the bill was on a contract to dig gold for joint account, and alleged that defendant sent home very large sums which he refused to share ; Held, that the complainants were entitled to a discovery as to how much gold, and at what places, he obtained such gold as he did obtain by digging, and they were not bound to take his simple statement of how much he considered he did obtain in that way, but were entitled to a full disclosure of his conduct during the period covered by the contract, that the court might test the correctness of his denial. Hoyt v. Smith, 33 Conn. 177.
As a general rule, however, the discovery called only for defendant’s oath to facts, and not for a disclosure of his evidence. Cullison v. Bossom, 1 Md. Ch. 95.
*337 Second. A second important rule was that the facts of the case must be so fully stated that the court could see the materiality of the testimony sought.
On this point, Spencer, Oh. J., delivering the opinion of the court of errors, says : “As a general rule, a bill of discovery must state the matter in relation to which a discovery is sought, the interest of the party, with the right to require the discovery. The court of chancery acts ancillary to the courts of law, in compelling a discovery of facts to aid a party in prosecuting or defending his rights. But it is a fundamental rule, that it will not compel a defendant to discover that which, if he answers in the affirmative, will subject him to punishment, or render him infamous, or expose him to a penalty.”
“ Bills of discovery are for the purpose of gaining a knowlege of facts within the privity of the defendant, and the case must be so far disclosed as to enable the court of equity to see and be satisfied that the ends of justice require the interposition of its powers ; and when the facts attempted to be elicited may be evidence in a court of law, it should be shown, by a statement of the case, that the facts interrogated to would be pertinent, and might be material, and hence, ordinarily, the case must be so for stated as to show the relevancy of the facts intended to be drawn forth.”
The case in which this rule was stated (McIntyre v. Mancius, 16 Johns. 593; rev’g 3 Johns. Oh. 45), is a very apt illustration. Chancellor Kent had held below that the bill would not lie because the facts of which it was sought to compel the defendant to make discovery were not stated. In the court of errors, Chief Justice Spencer pointed out that the gist of the bill was that the defendant was the clerk of the real plaintiff at law, and was made a co-plaintiff merely to prevent his testifying, and that, under such exceptional cir cumstances, the materiality of the testimony could be alleged in general terms.
Apart from such exceptional cases, the courts applied the rule that the complainant must state facts showing a good cause of action or defense (Atwill v. Ferrett, 3 Blatchf. 39; Primmer a. Patten, 33 Ill. 538; Marsh a. Davison, 9 Paige, 580; Bailey a. Dean, 5 Barb. 397); although it was early settled that if a primé facie case was made by the complainant, it could not be controverted by the defendant for the purpose of evading the discovery.
Third. A third rule was that discovery would not be ordered if the facts could be with reasonable convenience proved in another mode. Chancellor Kent held that if every material fact could be proved in the court of law by the testimony of witnesses, a court of *338 equity should not sustain a bill for discovery. . Thus where an action of trespass was brought against revenue officers for seizing a vessel, and they applied to a court of chancery for a bill of discovery of facts in the knowledge of the plaintiffs and others; held, on a motion to dissolve an injunction granted by a master staying the suit at law, that as it was not denied that the court of law could compel the discovery, as the facts depended upon the testimony of witnesses which could be procured at law, equity would not interfere. 1815, Gelston v. Hoyt, 1 Johns. Ch. 543.
The supreme court of the United States gave their sanction to this doctrine in Brown «. Swann, 10 Pet. 501 (1836), where Wayne, J., delivering the opinion of the court says: "One of the former \i. e., of bills for discovery from an interested party] is a bill for the discovery of facts alleged to exist only in the knowledge of a person, a party to a private transaction with the person seeking the disclosure; essential to the establishment of a just right in the latter, and which would be defeated without such disclosure. In other words, it is a bill to discover facts, which cannot be proved, according to the existing forms of procedure at law. The jurisdiction of a court of equity, in this regard, rests upon the inability of the courts of common law to obtain, or to compel such testimony to be given. It has no other foundation: and whenever a discovery of this kind is sought in equity, if it shall appear that the same facts could be obtained by the process of the courts of common law. it is an abuse of the powers of chancery to interfere. - The courts of common law having full power to compel the attendance of witnesses ; it follows that the aid of equity can alone be wanted for a discovery in those cases where there is no witness, to prove what is sought from the conscience of an interested party. 1836, opin. by Wayne, J., Brown v. Swann, 10 Pet. 497. S. P., Heath v. Erie Rw. Co., 9 Blatchf. 316.
See also on the question of necessity,—Bell v. Pomeroy, 4 McLean, 57; Perrine v. Carlisle, 19 Ala. 686; Dickinson v. Lewis, 34 Id. 638; Temple v. Gove, 8 Iowa, 511; Hurd v. Dutchess Co. Bank, 1 Morris (Iowa), 384; Howell v. Ashmore, 9 N. J. Eq. 83; Elliston v. Hughes, 1 Head, 225; Lindsley v. James, 3 Coldw. 477; Burns v. Hill, 19 Geo. 22; Merchants’ Bank v. Davis, 3 Id. 112; Bass v. Bass, 4 Henn. & M. 478; Duvals v. Ross, 2 Munf. 290; Emerson v. Sta-ton, 3 T. B. Monr. 116; Bullock v. Boyd, 3 A. K. Marsh. 322; Skinner v. Judson, 8 Conn. 528; Norwich, &c. R. R. Co. v. Storey, 17 Conn. 364; Clapp v. Shephard, 23 Pick. 228; Peck v. Ashley, 12 Metc. 478; Turner v. Dickerson, 9 N. J. Eq. 140.
But absolute inability to prove the cause of action or defense *339 without discovery, was not always necessary. Very serious and otherwise unnecessary expense and inconvenience in getting witnesses’testimony was sometimes held enough. Thus, in an action at law against the acceptor of a bill of exchange, he denied his signature to the acceptance, and the plaintiff filed a bill of discovery, in which he showed that he had a good cause of action against the defendant in the suit at law, and that the discovery sought for was material to enable him to succeed, and that he could not otherwise prove the signature without a commission to Europe. Held, on appeal from an order overruling a demurrer to the bill, that in such a case it is not necessary, in a simple bill of discovery, except for the purpose of obtaining an injunction, for the complainant to allege that he cannot establish his right at law, without a discovery from the defendant. Oases in Chancery, 1847, opinion by Walworth, Ch., Vance v. Andrews, 3 Barb. Ch. 370.
The doctrine was that discovery could be granted, either because the party could not otherwise prove; or in aid of proof, because he could not otherwise prove so adequately, or without great expense. Chancellor Walwobth relaxed the rule (except in cases of usury) and held that it was enough to show materiality. March v. Davison, 9 Paige, 580. And see Atlantic Ins. Co. v. Lunar, 1 Sandf. ch. 91. But the weight of authority is that a reasonable cause for calling for discovery, or, in other words, the essential convenience of it, must be shown. 1848, Bailey v. Dean, 5 Barb. 397.
Fourth. The discovery was restricted to matters which were both material to the issue, and competent and admissible under it. Kuypers v. Reformed Church, 6 Paige, 570. It was not allowed where the answers would not be competent evidence at law. Norton v. Woods, 5 Paige, 249; 22 Wend. 520; Burgess v. Smith, 2 Barb. Ch. 276; Dykers v. Wilder, 3 Edw. Ch. 496.
Fifth. It was not granted in aid of proceedings by indictment or information, or the defense thereto, including in this exception the writ of mandamus. Ch. Hardwicke, 1751, Ld. Montague v. Dud-man, 2 Ves. Sr. 398.
Sixth. In generaban infant could not be compelled to make discovery. Ld. Ch. Hardwicke, 2 Ves. Sr. 494.
Seventh. It was not allowed to compel one to answer as to matters which it appeared from the papers would tend to subject him to indictment, penalty, or forfeiture, or any thing in that nature, other than the loss of the claim in suit. Taylor v. Bruen, 2 Barb. Ch. 301; Conant v. Delafield, 3 Edw. Ch. 201; Sharp v. Sharp, 3 Johns. Ch. 407; Deas v. Harvie, 2 Barb. Ch. 448; Leggett v. Postley, 2 Paige, 599; Currier v. Concord R. R. Co., 48 N. H. 321.
*340 Thus in general a defendant in libel or slander was entitled to a discovery from the plaintiff, but the plaintiff was not against the desendant. 4 Sim. 263; Marsh v. Davison, 9 Paige, 580; Bailey v. Dean, 5 Barb. 297.
In the case of Moody ®. Libbey, reported at p. 154 of this vol., an application was subsequently made to Brady, J., for an order to examine the plaintiff as a party before trial under section 391 of the Code. The application was granted, defendants basing the application on Richards v. Judd, 15 Abb. Pr. N. S. 184.
And according to some authorities the rule excluded discovery of matter of scandal, or what may lead to a legal accusation. 1 Mod. 173.
As to the cases on the application of the rule in actions involving a charge of a penal - offense, see further, 2 Story's Eq. Jur. 822, and note. And as to deceit or fraud, see Attwood v. Coe, 4 Sandf. Ch. 412; Union Bank v. Barker, 3 Barb. Ch. 358.
But after the penalty was barred by the statute of limitations, or by waiver, the exception was no longer applied. Skinner v. Judson, 8 Conn. 528.
Eighth. Upon the same grounds of public policy that all courts regard communications between attorney and client, made in the professional relation and confidence, as privileged, and refuse to allow the attorney to testify to them as a witness, except with the client’s consent, the court of chancery refused to compel the client to make discovery of them. See Crosby v. Berger, 11 Paige, 377; aff’g 4 Edw. Ch. 254; Wakeman v. Bailey, 3 Barb. Ch. 482; 1 Dan. Ch. Pr. 571.
Ninth. Although usually refused after judgment, it could be granted to relieve against subsequent proceedings. Thus where one who had revived a paid judgment advertised land for sale on execution, a bona fide purchaser, in possession, was allowed a bill of discovery of the grounds on which his title was attempted to be impeached, because a fair sale could not be made while the title was unknown and doubtful. 1818, opin. by Kent, Ch., Kimberly v. Sells, 3 Johns. Ch. 467.
Tenth.- Where the situation of him against whom discovery was sought appealed with equal strength to a court of equity for protection against discovery, the court would refuse to inrerfere. A familiar instance is the class of cases very frequent before the registry laws, of a bona fide purchaser In possession, and defending against discovery sought by a claimant (other than a dowress). Meth. Epis. Ch. v. Jaques, 1 Johns. Ch. 74. So where the borrower sought discovery as to usury, it was refused unless he offered to pay *341 the original debt. Rogers v. Rathbun, 1 Johns. Oh. 367. S. P., 11 Wend. 330; 3 Paige, 539; 11 Id. 618.
Lastly. These principles applied equally in favor of defendants as plaintiffs. 1843, opin. by Walworth, Ch., Lane v. Stebbins, 9 Page, 621.
So far as the court have any discretion by the statute under which the application is made, to grant or refuse an examination of a party, or to determine the question as justice may require, these principles may afford some guide.
For recent decisions as to the object of a bill of discovery, see Kearny v. Jeffries, 48 Miss. 343; Buckner v. Ferguson, 44 Id. 677; Heath v. Erie Rw. Co., 9 Blatchf. 316. And see 8 Id. 413; Shotwell v. Struble, 21 N. J. Eq. 31; Shotwell v. Smith, 20 Id. 79; Hopkins v. Calloway, 7 Coldw. (Tenn.) 37; Printup v. Fort, 40 Geo. 276; Des Moines, &c. R. R. Co. v. Graff, 27 Iowa, 99; O’Connor v. Tack, 2 Brewst. 407.
As to whether a party by examining his adversary, adopts him as a witness within the rule that a party cannot impeach his own witness, compare Plato v. Kelly, 16 Alb. Pr. 188; Armstrong v. Clark, 2 Code R. 143; Code of Pro. §§ 393, 395; Miller v. Tollison, 1 Harp. Ch. 145; Dunham v. Gates, 1 Hoffm. Ch. 185; Rison v. Cribbs, 1 Bill. 181. And see Ecklar v. Galbreath, 5 Bush, 617.
As to compelling the production of books and papers on an examination before trial, see 3 Greenl. Bo. § 300; Hauseman v. Sterling, 61 Barb. 347; Emma Silver Mining Co., L. R. 10 Ch. App. 194; S. C., 12 Moak's Eng. R. 701; Costa Rica Erlanger, L. R. 19 Eq. Cas. 33; S. C., 11 Moak's Eng. R. 653; Havemeyer v. Ingersoll, 12 Alb. Pr. N. S. 301; and the next case but one, Smith v. MacDonald, p. 350 of this vol.